CASE 63—PETITION EQUITY—December 5.

## Hopkins v. Hopkins' Adm'r.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. INSURANCE—CHANGE OF BENEFICIARY.—The general rule is that the right to a policy of insurance, and the money to become due under it, vests immediately upon its issual in the person named in it as the beneficiary, and that this interest, being vested, can not be transferred by the insured to any other person. But this does not hold true where the contract of insurance provides that the insured may change the beneficiary. The right of the beneficiary is then subject to that condition.

2. SAME.—If the charter of an insurance company declares who shall be the beneficiaries, then it is not in the power of the insured, or the company and the insured, by any stipulation in the policy, to defeat their rights.

3. SAME—SEPARATE ESTATE.—Under the general insurance law of the State, when a married woman is entitled to the proceeds of insurance it is her separate estate, and not liable for the debts of her husband or of the person through whom it was obtained. This, however, does not prevent a condition in the contract giving the insured the power to defeat her right by changing the beneficiary; and a provision in the charter of an insurance company, that a policy of insurance issued for the benefit of the wife of the insured shall be held by her "free from all existing debts, contracts and engagements" of the insured, is in substance the same as the general law, and notwithstanding such a charter provision the insured may, in a policy payable to the wife, reserve the right to change the beneficiary.

STONE & SUDDUTH FOR APPELLANT.

A provision in a life insurance policy on the life of the husband for the benefit of his wife, to the effect that the insured may change the beneficiaries, is void because not within the charter powers of the company, and is in violation of the general law. (Gen. Stats., Appendix, p. 40–2, secs. 30–3; Charter of Southern Mutual Life Ins. Co. of Ky., approved March 19, 1878, sec. 6, art. 7; Robinson v. Duvall, 79 Ky., 83; Duvall v. Goodson, 79 Ky., 224; Weisert v. Muehl, 81 Ky., 336; Bayse v. Adams, 79 Ky., 368; May on Insurance, sec. 390; 5 Ins. Law Journal, 80; 10 Ins. Law Journal, 143, 312; Acts 1869–70, vol. 1, p. 71, secs. 30–1; Acts 1877–8; Central Bank of Washington v. Hume, 128 U. S., 195.)

Hopkins v. Hopkin's Adm'r.

SAME COUNSEL IN PETITION FOR REHEARING.

1. The only way power to change beneficiaries can be had is by general law applicable to all insurance companies. (Smith, Guardian, v. Warden, 80 Ky., 608; Schillinger v. Boes, 85 Ky., 362; Eadie v. Slimmon, 26 N. Y., 1; Olmsted v. Keyes, 85 N. Y., 593; Burroughs v. State Mutual Life Ins. Co., 97 Mass., 359; Fowler v. Butterly, 78 N.Y., 68; Anderson v. Goldsmith, 103 N.Y., 617; Barry v. Equitable Life Assurance Society, 59 N. Y.; Brick v. Campbell, 122 N.Y., 345; Stokell v. Kimball, 59 N. H., 13; Charter Oak Life Ins. Co. v. Brandt, 47 Mo., 419; Baker v. Young, 47 Mo., 453; Archibald v. Ins. Co., 38 Wis., 342; 23 N. J., 486; 35 Md., 188; Scobey v. Waters, 10 Lea., 551; Thompson v. American Tontine Life Ins. Co., 46 N. Y., 674; Baker v. Union Mutual Life Ins. Co., 43 N. Y., 283; Mutual Life Ins. Co. v. Terry, 62 Howard Pr., 325; Pilcher v. N.Y. Life Ins. Co., 33 La. An. Rep., 32; Nalley v. Nalley, 74 Ga.; 670; Felrath v. Schonfield, 76 Ala., 199; 54 Ala., 688; 52 Ala., 589; 65 Ala., 33; Association v. Dugan, 118 Mass., 221; Ky. Masonic Mutual Life Ins. Co. v. Miller, 13 Bush, 494; Garner v. Germania Life Ins. Co., 110 N. Y., 272; Allis v. Ware, 28 Minn., 166; Hooker v. Sugg, 102 N. C., 115; Cook on Insurance, sec. 78, note.)

2. The consent of the company to a change of beneficiaries is essential to the validity of a change. (Hubbard v. Stapp, 32 Ill. Appl., 541; National Mutual Aid Society v. Lupold, 101 Pa. Stat., 111; Harmon v. Lewis, 24 Fed. Rep., 97; Mutual Life Ins. Co. of N. Y. v. Watson, 30 Fed. Rep., 653; Stevens v. Warren, 101 Mass., 566; Wilmaster v. Continental Ins. Co., 66 Iowa, 418; Cook on Life Insurance, sec. 71; May on Insurance, sec. 396.)

3. The judgment appealed from was not such a final judgment as authorized an appeal. (Smith v. Wilson, &c., 4 Ky. L. Rep., 719; Hanson v. Bowyer, 4 Met., 108.)

WILLIAM MIX FOR THE MUTUAL LIFE INSURANCE COMPANY OF KENTUCKY.

The provision in the policy that the insured may change the beneficiary is not authorized by the charter of the company, and is in conflict with the provisions of the General Statutes.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

January 29, 1884, the Mutual Life Insurance Company insured the life of William W. Hopkins in the sum of five thousand dollars, payable at his death to his wife, the appellant, Susan E. Hopkins, if living, and if not, then to their children.

The policy contained this clause: "This policy is issued and accepted upon the express condition that the said William W. Hopkins may, with consent of the company, at any time assign it, or before assignment change the beneficiary therein, or make any other change."

This action was brought by the wife and her infant child by the insured to compel the company to accept from them an overdue premium and the future premiums; also to enjoin the husband, with whom she was not then living, from disposing of the policy.

The company denied their right to pay the premiums or to prevent the insured from changing the beneficiary in the policy. The husband, by answer and cross-petition, asserted the right to the policy and to change the beneficiary if he desired.

For some reason the appellants dismissed their petition without prejudice. The appellant, Sarah E. Hopkins, had, however, by a motion to strike out portions of the cross-petition, entered her appearance to it; the infant plaintiff was properly brought before the court upon it; the company entered its appearance, but no answer was filed by any of the parties, and the cause proceeded to judgment upon the cross-petition, determining that the husband was entitled to the policy and had a right to change the beneficiary.

It is now contended that the cross-petition did not state a cause of action, because, as is said, the beneficiary named in the policy acquired upon its issual a vested right to the insurance, and the clause in authorizing a change of beneficiary was in conflict both with the charter of the company and the general law of the State, and therefore void.

If this be true, then the judgment must be reversed; and the vital question is, did the insured have the right to change the beneficiary?

It is suggested that the judgment is erroneous because it did not make his right to do so depend upon the consent of the company; but this is immaterial to the appellants; besides, the company was by its answer insisting that he had the right.

The general rule is that the right to a policy of insurance, and the money to become due under it, vests immediately upon its issual in the person named in it as the beneficiary; and that this interest, being vested, can not be transferred by the insured to any other person. (Washington Central Bank v. Hume, 128 U. S., 195.) The vested right can not be divested without the consent of the person invested with it. This is so as to insurance in both mutual and ordinary life insurance companies. This does not hold true, however, where the contract of insurance provides that the insured may change the beneficiary. In such case it vests conditionally only.

The right of the one named in the policy is then subject to be defeated by the terms of the very contract naming him as the beneficiary. It is a condition of the contract, and his right is therefore subject to it.

If, however, the charter of the company declares who shall be the beneficiaries, then it is not in the power of the insured, or the company and the insured, by any stipulation in the policy, to defeat their rights. An effort to do so would be *ultra vires.* (Kentucky Masonic Mutual Life Ins. Co., &c., v. Miller's Adm'r, 13 Bush, 489; Duvall, &c., v. Goodson, 79 Ky., 224.)

The charter provision relied upon reads thus: "Any

policy of insurance heretofore issued, or that may hereafter be issued by said company for the use, benefit or advantage of the wife, widow, children, father or mother of any person whose life may be insured by said company, shall not be held or made liable for any debts or contracts or engagements of the person whose life is or may be so insured; and all such insurance, in the event of the decease of the person whose life is or may be so insured, shall be paid to the person or persons named in the policy as beneficiaries therein, or to their assignees or legal representatives, to be held by him, her, or them free and discharged of and from all existing debts, contracts and engagements whatsoever of the said deceased person."

The general law is in substance the same. It provides: "A policy of insurance on the life of any person expressed to be for the benefit of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors. * * *

"A policy of insurance on the life of any person duly assigned, transferred, or made payable to any married woman, or to any person in trust for her or for her benefit, whether such transfer be made by her husband or other person, shall inure to her separate use and benefit and that of her children, independently of her husband or his creditors, or of the person effecting or transferring the same or his creditors. * * *

" When a policy is effected by any person on his own life or the life of another, expressed to be for the benefit of such other or his representatives, or a third person,

the person for whose benefit it was made shall be entitled thereto against the creditors and the representatives of the person effecting the same." (General Statutes, Ed. 1888, Appendix, pp. 40–1.)

The clause in the policy relative to a change of beneficiary does not, in our opinion, conflict with these provisions of the company's charter and the general law. They certainly do not in express terms forbid such a condition in the contract, nor can the prohibition be fairly implied. They merely mean that when a married woman is entitled to insurance, or the proceeds of it, it must be held to be her separate estate, and not liable for the debts of her husband or those of the person through whom it was obtained. The insurance is her separate estate so long as it remains payable to her. This, however, does not prevent the insertion of a condition in the contract by which her right to the insurance may be defeated.

It is suggested that the application for the insurance contained no provision relating to a change of the beneficiary; that the right of the beneficiary named in it then vested, and that it could not be divested by virtue of a condition thereafter inserted in the policy. It is true the application is a part of the contract of insurance, but so is the policy. Both constitute the contract, and both are to be considered in determining its nature and extent.

The case of Leaf, &c., v. Leaf, *ante*, p. 166, is clearly distinguishable from this one. There a policy was taken out upon the life of the husband from a mutual benefit association, the wife being named as the beneficiary. The right of the insured existed to change the beneficiary. He, however, gave the policy to the wife, a

*feme sole,* and she held and claimed it as her separate property for several years, and paid the premiums out of her own means. Subsequently she was divorced from him, and in a mutual division of their property this policy was retained by her as a portion of her part of the estate. It was held that she was thereby invested with the equitable right to it. Moreover, the change the husband attempted to make after all this had taken place was antagonistic to the purpose and aim of the association, and therefore violative of its charter and fundamental purpose. The object of the association as defined by its charter was to provide for the family of the member or those dependent upon him, and the husband by the change attempted to make those the beneficiaries who were in no way dependent upon him.

Judgment affirmed.