## The Masonic Mutual Benefit Association *vs.* Rhoda M. Tolles et al.

Third Judicial District, Bridgeport, April Term, 1898.　Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

A member of a mutual benefit association originally designated his wife and two sons as the beneficiaries of his insurance policy or certificate, but afterwards changed such designation and made his wife the sole beneficiary. Two or three years before his death the assured requested his sons to carry the policy thereafter and relieve their mother, who had hitherto paid all the dues and assessments, from that burden; they agreed to this and for about a year did pay the assessments, but then stopped and the payments were continued by the wife, as before. In an action of interpleader brought by the association after the member's death, the sons claimed that upon the foregoing facts there was an implied agreement or trust which entitled them to two thirds of the insurance money. *Held* that, viewed in the most favorable light, such claim could not be supported, inasmuch as the sons had not paid the consideration upon which such trust or agreement was conditioned.

A consideration is as essential to an implied as to an express contract.

The beneficiary named in a certificate of insurance in a mutual benefit association has no vested interest in the sum insured, until the death of the member. Up to that time the member may, if permitted by the laws of the association, change the beneficiary at will, although the latter may have advanced money to pay the assessments on the certificate or policy.

[Argued April 21st—decided June 1st, 1898.]

Action of interpleader, brought to the Superior Court in New Haven County and referred to a committee by whom the facts were found and reported ; the court, *Roraback, J.,* accepted the report of the committee and rendered judgment in favor of the claimant William D. Gilbert, executor, from which Eulie M. Tolles, another claimant, appealed for alleged errors in the rulings of the court. *No error.*

The allegations of the bill showed that Daniel B. Tolles was a member in good standing of the plaintiff association ; that he died on the 28th day of February, 1896, and that thereupon the said association became liable to pay the sum

of $2,000 according to the provisions of its laws, to his legal beneficiary; that Rhoda M. Tolles, widow of the said Daniel, and Eulie M. Tolles, a son, have each demanded the same sum from the plaintiff, and that it was ready and willing to pay the same to the party legally entitled thereto; and praying that the parties interplead concerning their respective claims to said money, and that the court should decide to whom the same belonged, to the end that the plaintiff be discharged from all further liability in respect thereto.

The court made an order that the parties interplead. The said Rhoda M. and Eulie M. then appeared and set forth their claims accordingly. Herbert D. Tolles made no appearance. The whole cause was referred to a committee who made his report, the court accepted the same, found the facts therein to be true, and held that the plaintiff should pay the committee's fees amounting to         dollars, and should pay the balance of said sum to said Rhoda M. Tolles. From this judgment Eulie M. Tolles appealed to this court. The facts sufficiently appear in the opinion.

*George P. Carroll,* for the appellant (Eulie M. Tolles).

The appellant is at least entitled to the repayment of the $183.50 which he advanced to keep alive his father's membership; not as a creditor of his father's estate—for the money was not paid for his benefit; nor even as a creditor of his mother's estate—for his right was higher than that of a mere creditor. The fund itself became charged with a trust for the repayment to him of this amount with interest. *Conn. Mut. Life Ins. Co.* v. *Burroughs,* 34 Conn. 305; *Phœnix Life Ins. Co.* v. *Dunham,* 46 id. 79. Where a policy has been changed in favor of the new beneficiary, by the act of the insured, but in violation of the rights of the old beneficiary, the new beneficiary holds his legal claim to the proceeds of the policy charged with a constructive trust in favor of the old beneficiary. *Barry* v. *Brune,* 71 N. Y. 261; *Chapin* v. *Fellows,* 36 Conn. 132; *Whitehead* v. *N. Y. Life Ins. Co.,* 102 N. Y. 143; *Gardner* v. *Germania Life Ins. Co.,* 110 id. 266; *Pingrey* v. *National Life Ins. Co.,* 144 Mass. 374. The

arrangement between the claimants was that the policy should be kept alive for the benefit of the three beneficiaries originally designated. In reliance on this arrangement, Eulie paid his third of the assessments. The violation of this agreement was a breach of trust that a court of equity will rectify. *Lemon* v. *Phœnix Mut. Life Ins. Co.*, 38 Conn. 294; *Catholic Knights of America* v. *Morrisin*, 16 R. I. 468, 471. Language, insufficient to constitute as a conveyance, will operate as a declaration of trust. *Drakely* v. *DeForest*, 3 Conn. 277; *Young* v. *Young*, 80 N. Y. 422; 1 Beach on Mod. Eq. § 161; *Swift* v. *R. P. & F. C. Ben. Asso.*, 96 Ill. 309; *Smith N. B. Society*, 123 N. Y. 85; *Bunnell* v. *Shilling*, 28 Ont. Rep. 336.

*Edwin B. Gager*, with whom was *William H. Williams* and *George C. Bryant*, for the appellee (William D. Gilbert, executor).

If Eulie M. Tolles had no right or cause of action against the plaintiff as to this fund, he ought not to succeed here. This is not a case of life insurance, as commonly understood by the courts. The law as to the rights of the members and beneficiaries of associations like that of the plaintiff, is very clearly settled. *Masonic Mut. Ben. Asso.* v. *Penfield et al.*, Superior Ct., New Haven county, 1887. A beneficiary has no vested right to the benefit, and the member may at any time substitute another person or class of persons, unless restrained by the rules of the society. *Barton* v. *Provident Mut. Relief Ass'n*, 63 N. H. 535; *Martin* v. *Stubbings*, 126 Ill. 387; *Union Mut. Ass'n* v. *Montgomery*, 70 Mich. 587; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1, 3; *Order of the Golden Cross* v. *Merrick*, 163 Mass. 374, 375; *Sabin* v. *Phinney*, 134 N. Y. 423; *Gentry* v. *Sup. Lodge K'ts of Honor*, 23 Fed. Rep. 718; 3 Amer. & Eng. Ency. of Law (2d ed.), 990. The insured may change his designation of the beneficiary at will, and against the consent of such beneficiary, in the manner prescribed by the rules. *Ingersoll* v. *Knight of Golden Rule*, 47 Fed. Rep. 274; *Holland* v. *Taylor*, 111 Ind. 129; Niblack on Benefits, § 220. A beneficiary named in a

benefit certificate has merely a bare expectancy, which ceases upon his death during the life of the person insured. *Gutterson* v. *Gutterson*, 50 Minn. 278; *Martin* v. *Stubbings*, 126 Ill. 387; *Marsh* v. *American Legion of Honor*, 149 Mass. 512, 515; *Masonic Mut. Ben. Soc.* v. *Burkhart*, 110 Ind. 189; *Milner* v. *Bowman*, 5 L. R. A. 95; *Brace* v. *Chartrand*, 12 id. 210; *Hoeft* v. *Knights, etc.*, 113 Cal. 91; *Brown* v. *Grand Lodge*, 80 Iowa, 287. The law will not charge this benefit with a constructive trust, unless it is made necessary to prevent an unconscionable advantage or to frustrate a fraud. The mere fact of the payment of premiums gives the beneficiary no lien upon or right to the fund. *Fisk* v. *Equitable Aid Union*, 11 Atl. Rep. 84; *Brown* v. *Grand Lodge*, 80 Iowa, 287; Niblack on Benefits, § 227; *Byrne* v. *Casey*, 70 Tex. 247; *Supreme Conclave* v. *Cappella, Order of Golden Cross* v. *Merrick, supra; Jory* v. *Supreme Council*, 105 Cal. 20; Bacon on Benefit Societies, § 306. The facts do not sustain the claim of a "declaration of trust." Pomeroy's Eq. § 1009. At most the claim for the $183.50 became a debt of the father to Eulie; the latter acquired no lien upon the fund. Niblack on Benefits, § 284; *Fisk* v. *Equitable Aid Union, supra*, and cases cited with it. In no case could it exceed the amount paid subsequent to the date of the claimed agreement, February 27th, 1894.

ANDREWS, C. J. After the report of the committee was filed in the Superior Court, Eulie M. Tolles moved to amend his statement of claim. The court denied this motion. In most cases the allowance of an amendment to pleadings is within the discretion of the court. Perhaps there is nothing in this case to take it out of the ordinary rule. We have, however, no occasion to decide, because it is agreed by counsel that this court may consider the case as though the averments of the claim were ample to admit in evidence all the facts in the committee's report.

Daniel B. Tolles became an accepted member of the plaintiff association on the 11th day of February, 1878, and the plaintiff issued to him a certificate of membership; and there-

upon the said association became liable to pay the sum of
$2,000, according to the provisions of its laws, to his legal
beneficiaries.   In his application for such membership the
said Daniel had designated, as the persons to whom the ben-
efits were to be paid, his wife, the said Rhoda M. Tolles, and
his two sons Herbert D. Tolles and Eulie M. Tolles.   The
laws of the plaintiff provided that " a member may change
the designation of the person to whom said sum shall be pay-
able," by giving a notice of such change in a prescribed way
to the secretary of the association ; and that the sum named
in the certificate should be paid to that person who, at the
time of the death of the member, was his designated benefi-
ciary according to their laws and rules.   On the 27th day of
April, 1895, the said Daniel M. Tolles did change the desig-
nation of his beneficiary to Rhoda M. Tolles alone, according
to the rules and forms prescribed by the plaintiff, and gave
the required notice thereof and the board of directors ac-
cepted the same.   If, then, regard is had only to the contract
between the plaintiff and Daniel B. Tolles, the judgment of
the Superior Court is correct and the said Rhoda M. Tolles
is entitled to the benefit money named in the certificate.

Eulie M. Tolles, the appellant, however, insists that the
judgment is erroneous by reason of other matters which, he
says, ought to be considered.   In his statement of his claims
made in response to the order of interpleader, he alleged in
paragraphs 8 and 9: " 8. Prior to January 1st, 1894, and
thereafter, the said Daniel B. Tolles became sick, despond-
ent, and unable to work, and in consequence thereof lost
interest in his membership in said association, and said mem-
bership was then in danger of lapsing and the proceeds there-
of were in danger of being lost to said beneficiaries.   9. Under
these circumstances, and as a matter separate and distinct
from the contract of the plaintiff with the said Daniel B.
Tolles, both about January 1st, 1894, and also before and
after that time, said beneficiaries and the said Daniel B. Tolles
mutually and severally agreed, in consideration of said bene-
ficiaries paying the assessments and other money necessary
to keep alive the membership of the said Daniel B. Tolles in

said association, that said beneficial interest in the said $2,000 to be paid as aforesaid, should belong to and be the property of the said three beneficiaries for their equal benefit."

The committee found that the matters alleged in said paragraphs were not true. He adds : "It was claimed, in behalf of the said Eulie M. Tolles, that I should find as a fact that the parties entered into the contract set out in said (9th) paragraph, and also that such contract was implied in law under the facts and circumstances proved. In so far as the question is one of fact, I find as above stated; and in order that the question of law, if any there be, may be presented . . . I find as follows." He then sets out at some considerable length the facts in evidence, from which it is claimed that as a matter of law such a contract would be implied. Abbreviated, they are in substance like this : Daniel M. Tolles became a member of the plaintiff association on the 11th day of February, 1878. He continued to be a member in good standing, until his death on the 28th day of February, 1896. From the time he became a member up to the fall of 1893, all the dues and assessments were paid by Rhoda M. Tolles out of wages earned by herself. Sometime during that fall —the exact date is not given—the family were all together. Herbert had then just become of age, and Eulie was eighteen years old. At that interview the father said to his sons, that by reason of the expense incurred in the building of a house then being finished it would be hard for their mother to continue to pay the insurance, and asked them if together they would not carry it. They assented, and from that time until the 1st of August, 1894, all the assessments and dues paid during that period by any one were paid by the two sons. These payments were made in the expectation of sharing in the benefits. After August 1st, 1894, however, nothing was paid by either of them. All the payments after that date up to the time of the death of Daniel M., were made by Mrs. Rhoda M. Tolles. A Mr. Barlow was the agent of the plaintiff at Birmingham, Conn. It was from him, as such agent, that notice of the assessments, etc., were sent to the Tolles family, and it was to him that the assessments were paid. The assessments not always being paid promptly, Mr. Bar-

low from time to time, in order to prevent the lapsing of the insurance, advanced the money necessary to make the payments. He made these advancements on the credit of the three beneficiaries. He did this, in some instances, between the fall of 1893 and the first of August, 1894, and was repaid by one or the other of the sons. He also made some advancements after the first of August, 1894; these were paid by Rhoda M. Prior to the 21st day of February, 1894, Eulie had requested his father to make him, Eulie, the sole beneficiary. The father declined to assent to this proposition without consultation with his wife. On said day and after a consultation with his wife and with her knowledge, the father wrote to Eulie in regard to said request that " he would never consent to make it over entirely to one." There was a letter from Eulie to his father dated the 6th of March, 1894, and on March 10th a reply from the father. These had reference mainly to the adjustment between the sons of the payments they had made. The claim of Eulie that he had paid very much more than his proportionate share of the assessments is negatived by the finding of the committee.

Upon these facts the said Eulie claimed in the Superior Court that he was entitled to have one third of the said $2,000, because : 1st, there was a contract between himself, the other beneficiaries named in the original certificate, and his father, that he should have that proportion ; 2d, the law implies from the facts stated an agreement between the beneficiaries that the said sum should be divided in that way.

As a question of fact there was no contract upon which Eulie can depend ; and we think the law does not infer any promise to Eulie from the facts found. Giving to the arrangement which was made between Eulie, his father, his mother and his brother, the construction most favorable to him, and even calling it a contract, there was in it the necessary condition that the payments should be kept up so long as Daniel B. Tolles lived. This contract, if it may be so called, was upon the consideration of " paying the assessments and other moneys necessary to keep alive the membership of the said Daniel B. Tolles in said association." And when Eulie failed during the lifetime of Daniel to continue

these payments, he failed to perform the consideration on which alone his right to share in the $2,000 depended. An implied contract must have a consideration as certainly as an express one ; and the failure to perform the consideration precludes any contract by implication, as fully as it precludes an express one. Where there is no consideration the law never implies a promise. *Davis* v. *Seymour*, 59 Conn. 531, 533 ; *Winehouse* v. *Cronin*, 68 id. 250, 253.

The claim of Eulie is put also in another form; that is, that Rhoda M. takes the $2,000 charged with a trust to pay one third of it to him, Eulie. The trust, if there is one, must arise out of the same circumstances from which the implied contract is said to come. But as there is no implied contract there can be no trust. A trust can be implied only when there is a consideration. Lewin on Trusts, 130. Eulie never had any vested interest in the benefits named in the certificate; there has been no payment of money by him, nor has there been any agreement respecting the same which made it a trust fund and entitled him to the benefit of being a *cestui que trust* therein. And there has been no fraud by Rhoda which would subject her to the liabilities of a trustee thereof.

" In case of an ordinary policy (of insurance), the right of the person for whose benefit a policy is issued cannot be defeated by the separate or joint acts of the assured and the company, without the assent of the beneficiary; while it is entirely well settled that in cases of this description the beneficiary has no vested interest in the benefit certificate until the death of the insured member. Up to this time (where the laws of the society so permit) he may change his designation of beneficiary at will, against the consent of such beneficiary, even though the latter may have advanced the money to pay the assessments upon the certificate." *Supreme Conclave, etc.,* v. *Cappella*, 41 Fed. Rep. 1, 3 ; Bacon on Benefit Soc. § 306 ; *Barton* v. *Provident Mut. Relief Asso.*, 63 N. H. 535.

There is no error.

In this opinion the other judges concurred.