# Magnuson v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Fellow servants—Act of April 4, 1868, P. L. 58—Work unconnected with railroad business.*

1. One test of the application of the Act of April 4, 1868, P. L. 58, providing that persons sustaining personal injuries while lawfully engaged or employed on or about premises of a railroad company, shall have only such rights to recover damages as they would have if they were employees of such company, is the nature of the business of the person injured at the time of the injury. If it is business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi employee, and puts his rights on the same basis. If, however, the work has no relation to railroad work as such, and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute at all.

2. Plaintiff's husband was employed by a coal company which owned a side track leading from its repair yards to the tracks of the defendant railroad company. The defendant company had a limited permissive use of such side track. Plaintiff's decedent was a repair man, and when he received the injury which caused his death was engaged at his usual occupation as an employee of the coal company, in repairing its car, which was on its track in its own yard. The accident was caused by the act of the servants of the defendant company in negligently pushing another car against the one under which the deceased was then working. *Held,* the work of the deceased was not railroad work, had no relation to the railroad company, and the Act of April 4, 1868, P. L. 58, did not apply so as to make him a fellow servant of the employees of the defendant railroad company, and plaintiff was entitled to recover damages for his death.

Argued Oct. 8, 1913. Appeal, No. 235, Oct. T., 1913, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1906, No. 57, on verdict for plaintiff in case of Lina Magnuson, widow of John Bernt Magnuson v. The Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before STEPHENS, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,400. Subsequently the court refused a motion for judgment for defendant n. o. v.   Defendant appealed.

*Error assigned* was, inter alia, in refusing the motion for judgment for defendant n. o. v.

*H. W. Storey,* for appellant.

*Charles C. Greer,* with him *Frank P. Barnhart,* for appellee.

PER CURIAM, November 7, 1913:

The plaintiff's husband was employed by a coal company which owned a side track leading from its repair yards to the tracks of the defendant, and of which the defendant had a limited permissive use.  He was a repairman, and when injured was working in the yard of the coal company under a car belonging to it against which a car of the defendant was pushed.  The main ground of defense at the trial and the only one that need be noticed was that the deceased was a fellow servant under the provisions of the Act of April 4, 1868, P. L. 58.

One test of the application of the Act of 1868 is the nature of the business of the person injured at the time of the injury.  "If it is business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi employee, and puts his rights on the same basis.  If, however, the work has no relation to railroad work as such, and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute at all": Spisak v. Railroad Co., 152 Pa. 281.  The deceased

was engaged at his usual occupation as an employee of the coal company, and was repairing its car on its track in its yard. His work was not railroad work, and it had no relation whatever to the railroad company, and the act did not apply to him.

The judgment is affirmed.