JANE NEARY *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY ET ALS.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js

While the beneficiary named in a death-benefit certificate, issued by a fraternal benefit association and providing for a change of beneficiary, takes nothing more than a mere expectancy, this is not necessarily true of the beneficiary named in an ordinary life insurance policy, although the right to change the beneficiary in a prescribed manner is reserved therein.

Neary *v.* Metropolitan Life Ins. Co.

The method prescribed in an ordinary life insurance policy for changing the beneficiary named therein, must be complied with, in order to render an attempted change effective against the rights of the original beneficiary.

In the present case a wife joined with her husband in an application for a policy of insurance upon his life, in which she was named as the beneficiary. The policy, which was issued as requested, provided that the insured might designate a new beneficiary by a written notice filed at the home office accompanied by the policy itself, the change to take effect upon its indorsement upon the policy by the company. A written notice of a change of beneficiary was left with the local agent and transmitted by him to the company, but the policy remained in the hands of the wife who paid all the premiums and had no knowledge of any attempt to change the beneficiary until after her husband's death. *Held* that under these circumstances the insurance company was bound to see that the terms of the policy were complied with before assenting to a change of beneficiary; and that the change attempted was not effective to deprive the wife of her rights as the original beneficiary under the policy. (*One judge dissenting.*)

Submitted on briefs January 17th—decided April 30th, 1918.

ACTION in the nature of interpleader to determine the respective rights of several claimants in and to the amount due under a policy of life insurance, brought to and tried by the Superior Court in New Haven County, *Greene, J.;* facts found and judgment rendered in favor of the defendant Catherine Neary, wife of the insured, from which the plaintiff, the insured's mother, appealed. *No error.*

In 1913 John Neary and Catherine, his wife, joined in an application to the Metropolitan Life Insurance Company for insurance upon the life of John. The policy in question was issued on that application naming Catherine as the beneficiary. All premiums on the policy were duly paid by Catherine, the last payment on August 2d, 1915, and the policy itself has at all times been in the possession of Catherine. The policy provided for a change of beneficiary, and that the insured might designate a new beneficiary by a notice in

writing filed at the home office of the company and accompanied by the policy itself, the change to take effect upon the indorsement of the same by the company on the policy.

On July 28th, 1915, John Neary signed and delivered to the agent at New Haven, for transmission to the home office of the company, an application for a change of beneficiary from his wife, Catherine, to his mother, Jane Neary. The application was forwarded to and received by the home office at some date not otherwise shown than by the following indorsement thereon, "Recorded in policy register. J. F. B. 9/8/15 J. F. B." It was not accompanied by the policy, and no indorsement of any change of beneficiary was ever made on the policy. On September 2d, 1915, John and Jane joined in an application for a loan upon the policy, which was made by the company's check to the joint order of John and Jane Neary. John died September 12th, 1916, and the amount of the policy less the loan is admittedly due and payable to the rightful beneficiary.

*George E. Beers* and *Charles F. Roberts*, for the appellant (plaintiff).

*George E. Hall*, for the appellee (defendant Catherine Neary).

BEACH, J. It is not claimed that the attempted change of beneficiary was completed in the manner provided for in the policy, by surrender of the policy and indorsement of the change thereon by the company. On the contrary, the finding is that the policy remained continuously in the possession of the original beneficiary, Catherine, who paid all the premims thereon and was never asked to give it up. She had no

knowledge of any desire or attempt to change the beneficiary until she went to the company's office to prepare the proofs of death.

The plaintiff's claim is that the formalities prescribed in the policy for carrying out the reserved right of changing the beneficiary were solely for the benefit of the insurance company, and that it might and did waive their performance by treating Jane as the substituted beneficiary in making the loan of September 2d, 1915.

This claim is based on the supposition that Catherine had no legal interest in the fruits of the policy, but merely an expectancy of which she could be deprived without notice. It is true that a beneficiary named in a death-benefit certificate issued by a fraternal benefit association, and providing for a change of beneficiary, takes nothing more than a mere expectancy. *Supreme Colony* v. *Towne*, 87 Conn. 644, 648, 89 Atl. 462; *Order of Scottish Clans* v. *Reich*, 90 Conn. 511, 514, 97 Atl. 863. But that is not necessarily true of beneficiaries named in an ordinary life insurance policy, although the right to change the beneficiary in a prescribed manner is reserved. "In case of an ordinary policy (of insurance), the right of the person for whose benefit a policy is issued cannot be defeated by the separate or joint acts of the assured and the company, without the assent of the beneficiary." *Masonic Mutual Benefit Asso.* v. *Tolles*, 70 Conn. 537, 544, 40 Atl. 448. It seems logically to follow, that the insertion in such a policy of a provision for changing the beneficiary in a prescribed manner ought not to extinguish the interest of the beneficiary, but to qualify it. The later decisions so hold. *Indiana Nat. Life Ins. Co.* v. *McGinnis*, 180 Ind. 9, 101 N. E. 289; *Filley* v. *Illinois Life Ins. Co.*, 93 Kan. 193, 144 Pac. 257; *Christman* v. *Christman*, 163 Wis. 433, 157 N. W. 1099.

Moreover, companies authorized to carry on a gen-

eral life insurance business may contract directly with a beneficiary who has an insurable interest in the life of the assured; and there seems to be no reason why the interest of such a beneficiary may not be absolute or qualified according to the terms of the policy.

In this case the wife, having an insurable interest in the life of her husband, joined in the application for a policy which, on its face, provided for the presentation of the policy to the company, for indorsement, before any change of beneficiary should become effective. She took the policy into her own possession, apparently relying on that provision for her protection, and paid all the premiums. Under these circumstances she had an interest in the policy of which she could not be deprived except in the manner prescribed therein.

Assuming, without deciding, that she was bound to deliver up the policy to the assured on demand, the finding is that no such demand was made. Whether she had a lien upon the policy for premiums advanced—at least to the extent of its cash surrender value—need not be determined. She had a legal interest, as distinguished from a mere expectancy, of which she could not be deprived except in the manner prescribed in the policy, and therefore the provisions as to the mode of changing the beneficiary were not solely for the benefit of the insurance company. Even if they were so intended by the company, they hold out on their face an inducement for the payment of premiums by a beneficiary to whom the policy is delivered. In the long run the payment of premiums inures to the benefit of the company, and if a beneficiary pays premiums on the faith of an apparent protection afforded by the terms of the policy, he ought equitably to be protected as far as the terms of the contract will protect him.

It does not appear from the finding whether the company knew that the premiums were being paid by

the beneficiary. It did know that she joined in the application, that she had an insurable interest in the life of the assured, and the policy contained provisions on the faith of which she might suppose herself to be protected in paying premiums. Under such circumstances it is not asking too much of insurance companies to see that the terms of the policy are complied with before assenting to a change of beneficiary.

This conclusion makes it unnecessary to pass on the somewhat doubtful question whether the company did in this case assent to an informal change of beneficiary.

There is no error.

In this opinion PRENTICE, C. J., RORABACK and SHUMWAY, Js., concurred.

WHEELER, J. (dissenting). The Metropolitan Life Insurance Company issued its policy of ordinary life insurance upon the life of one John Neary, upon an application signed January 17th, 1913, by him and his wife, Catherine Neary. The application expressly provided that "the right to change the beneficiary hereby designated without the consent of said beneficiary is reserved."

The policy provided that the insured reserved "the right of revocation of the beneficiary named and the right to designate a new beneficiary." The assured could exercise this right by filing written notice of such change in the home office of the company, together with the policy itself. The change became effective upon the company indorsing such change of beneficiary upon the policy.

On July 28th, 1915, the assured signed and delivered to the agent of the insurance company in New Haven, an application for a change of beneficiary from his wife to his mother, Jane Neary. Upon the policy register

of the company at its main office is endorsed, "Recorded in policy register. J. F. B. 9/8/15 J. F. B." On September 2d, 1915, John Neary made written application signed by the plaintiff, Jane Neary, for a loan of $82 upon this policy, and this loan was duly made and a check given for the same payable to John and Jane Neary. It was the practice of the company to make loans to the insured and not to the beneficiary, in the application for which, in some cases, the beneficiary joined. The court reached the conclusion that the loan was insufficient to prove a waiver by the company, because is was not proved that the company knew of the attempted change of beneficiary when it was made.

The application fee for said insurance and all premiums thereon were paid by the defendant Catharine Neary, and she always had possession of the policy, and had no knowledge of an attempt to change the beneficiary or of the making of said loan until after the death of her husband.

The member of a mutual benefit society may change, at will, the beneficiary named in his certificate of insurance. In the ordinary life insurance policy the assured may not change the beneficiary without his consent. The reason for this distinction is found in the fact that in the ordinary life policy the beneficiary has a vested right in the benefits of the policy, while in the benefit certificate the beneficiary has no vested right in the proceeds, merely the expectancy of an interest in case the assured die without having changed the beneficiary. *Masonic Mutual Benefit Asso.* v. *Tolles,* 70 Conn. 537, 544, 40 Atl. 448; *Shepard & Co.* v. *New York Life Ins. Co.,* 87 Conn. 500, 504, 89 Atl. 186. But the ordinary life policy may contain a provision reserving the right to change the beneficiary, and when the policy so provides, the assured may exercise his right to change the beneficiary at will, since the beneficiary has no

vested interest in the policy. *Townsend* v. *Fidelity & Casualty Co.*, 163 Iowa, 713, 721, 144 N. W. 574; *Waring* v. *Wilcox*, 8 Cal. App. 317, 96 Pac. 910; 25 Cyc. 893; 4 Cooley, Briefs on Insurance, p. 3762; 14 Ruling Case Law, § 554. In *Denver Life Ins. Co.* v. *Crane*, 19 Colo. App. 191, 200, 73 Pac. 875, the court said of an ordinary life policy: "The policy provided, in explicit language, that the insured might, without the plaintiff's consent, diminish the amount of the insurance or appoint another beneficiary in her place. She, therefore, had no vested interest, but only an expectancy, which might at any time be defeated by the act of her husband." May on Insurance (Vol. 2) § 399 M, thus states the rule: "In those companies, however, that expressly permit a change of beneficiary without consent of the former appointee, the person first designated acquires no vested interest during the life of the insured, but only an expectancy." Concerning such a provision in a life policy, the court said in *Hopkins* v. *Northwestern Life Assur. Co.*, 40 C. C. A. 1, 4, 99 Fed. Rep. 199, 202: "The right of the beneficiary is inchoate, and a mere expectancy, during such lifetime, and does not become vested until the death of the insured happens with the policy unchanged." In *Hopkins* v. *Hopkins*, 92 Ky. 324, 327, 17 S. W. 864, the court says: "This [rule of the straight life policy] does not hold true, however, where the contract of insurance provides that the insured may change the beneficiary. In such a case it vests conditionally only. The right of the one named in the policy is then subject to be defeated by the terms of the very contract naming him as the beneficiary. It is a condition of the contract, and his right is therefore subject to it." Since a policy of this character is wholly the property of the assured, it can be taken by his creditors as one of his assets. The court so holds in *In re Orear*, 102 C. C. A. 78, 81, 178 Fed. Rep. 632,

635: "Under this provision the insured was unequivocally given the right and power to change the beneficiary in each policy without the concurrence of the beneficiary named in the policy and even against the will of such beneficiary. Not only so, but this power was one which he could exercise for his own benefit. To illustrate: He could have borrowed money and have changed the beneficiary so that the lender would have held the policy as security for the repayment of his money. . . . He further could have exercised this power so as to have made the policy payable to his own estate. He still further could have exercised this power by naming as the beneficiary some trustee for all his creditors. . . . This being so, the policies were property which, under section 70, subd. 5, above mentioned, passed to the trustee upon the adjudication of Derr as a bankrupt." Id. *In re Herr*, 182 Fed. Rep. 716.

The policy in suit was an ordinary life policy which reserved to the insured the right of changing the named beneficiary. It also gave the assured a right to secure a loan upon the policy and the right to secure its surrender value. Not only did the policy reserve the right to change the beneficiary, but the application for the policy expressly reserved in the assured this right, and the beneficiary named in the policy, Catherine Neary, who is a defendant in this action, joined in signing this application. After the issuance of this policy there was no moment when the assured could not have designated a new beneficiary by complying with the conditions of the policy and filing notice of such change at the home office accompanied by the policy itself for indorsement thereon. The beneficiary could not stop the change. The ownership of the policy was in the assured and it could have been taken by his creditors.

The interest of the first-named beneficiary was a contingent or conditional interest, effective upon the death

of the assured without having made such change.  Her interest was hence a mere expectancy in the lifetime of the assured.  The payment of premiums by the beneficiary did not affect the contract of insurance entered into between the assured and the insurance company. It did not deprive the assured of the ownership of the policy, or take away from his creditors their right to appropriate its benefits to their debt.  It did not vest in the beneficiary an interest in the policy.  The payment of the premiums gave the beneficiary the right to have the proceeds of the policy applied to the payment of the premiums with interest, before the proceeds could be diverted elsewhere.  That is the only protection either law or equity will give to the first-named beneficiary.  She will be made whole.  She cannot secure a profit on her investment, if any there be.

Under the terms of the policy the assured could exercise his right to designate a new beneficiary by filing written notice of such change in the home office of the company, together with the policy, and the change became effective upon the company's indorsing such change of beneficiary upon the policy.  Since the beneficiary had no vested interest in the policy, it did not concern her whether the policy was filed with the company and the change indorsed thereon.  Until the death of the assured a valid change might be made, and her interest did not begin until the death of the insured without having made a change of beneficiary.  Provisions in a policy prescribing the method for changing the beneficiary do not affect the contract of insurance between the assured and the insurance company.

Some of the decisions hold that provisions of this character qualify the right of the assured to make the change only in the prescribed way; and that the beneficiary has an interest in the policy subject to be defeated by the change of beneficiary.  This is a misconstruction

of the contract of insurance. The beneficiary takes no interest until the death of the assured. The provisions requiring the filing of the policy and the indorsement thereon of a change of beneficiary, were not inserted for the benefit of the assured but for the insurer. Where these provisions are not followed, the insurance company is not required to recognize the attempted change. But since these provisions are for its benefit it may waive them. When the life policy permits a change of beneficiary without the consent of the beneficiary and upon the sole application of the assured, I see no reason, any more than did the court in *Townsend* v. *Fidelity & Casualty Co.*, 163 Iowa, 713, 721, 144 N. W. 574, why the construction obtaining as to similar provisions in beneficial certificates should not be given to the similar provision in the life policy. The provisions in the benefit certificates are for the benefit of the insurer and so are those in the life policy. The one may be waived and a like privilege must be accorded to the other. 4 Cooley, Briefs on Insurance, p. 3772, states the rule of law concerning benefit certificates: "The rule requiring the surrender of the old certificate, and indeed most of the rules of procedure, in effecting a change of beneficiaries, are intended only for the benefit of the association, and may therefore be waived by it." In *French* v. *Provident Savings Life Assur. Soc.*, 205 Mass. 424, 91 N. E. 577, the court held that the provisions of the policy as to a change of beneficiary had not been complied with. In the course of his discussion Mr. Justice Rugg was careful to point out that the question of whether the company had waived these provisions, was not involved: "Moreover the defendant did not waive the provisions of the policy and accept the new designation as valid. Apparently its responsible officers had no notice or knowledge of it until after the decease of the insured. These circum-

stances, if present, would make a different case from that before us, where other considerations would need to be discussed." In *Freund* v. *Freund*, 218 Ill. 189, 75 N. E. 925, the court said: "It is said by counsel for appellee that the provisions in regard to consent and indorsement, and in regard to the mode of changing the name of the beneficiary, were solely for the protection of the company, and, therefore, could be waived by the company. This is true, provided the acts, alleged to amount to a waiver, were performed during the lifetime of the assured."

The trial court reached the conclusions to which I have come. 1. "The first beneficiary . . . acquired no vested interest in the policy or its proceeds by being made beneficiary." 2. The assured "could not change the beneficiary without doing so in the way provided by the insurance contract, that is, the policy." 3. "But the company or society may waive the requirements of its contract or of its laws as to the change of beneficiary." "The question in the case," said the trial court, "is therefore whether the company's action in loaning waived the surrender of the policy." Whether the company waived these requirements of the policy, is the remaining question which we are called upon to decide.

The application for a change of beneficiary was in approved form, and was produced from the custody of the company. It was delivered by the assured to the local agent of the insurer in New Haven. No evidence other than the following was introduced to show that the company received the application prior to the decease of the assured. Exhibit A, which is a part of the finding, bears upon its face, in print: "Recorded in policy register," and immediately following it, upon the same line, in writing, "J. F. B. 9/8/15 J. F. B." This indorsement means that this application was re-

corded in the policy register on September 8th, 1915, a date prior to the decease of the assured. The application was therefore in the possession of the company at its home office before the decease of the assured. The fact that the company accepted the application without the policy, is persuasive evidence that it waived the provision requiring the filing of the policy. It also appears in the finding that the assured, subsequent to the filing of his application for a change of beneficiary, joined with the new beneficiary in an application for a loan upon the policy, which the company made by check to the order of the assured and the new beneficiary. The policy provided that "the company will loan on the sole security thereof up to the limit secured by the cash surrender value, on proper and lawful assignment and delivery of this policy." It further provided that the assignment of the policy must be executed upon the blanks of the company and filed at its home office. To make the loan, an assignment and delivery of the policy was essential. No assignment of the policy was made, nor was there any delivery of the policy to the company. Since the loan was made, the company must have waived this provision, for the policy was never surrendered to the company. Unless Jane Neary had been accepted as a beneficiary by the company, there was no reason for having her a party to the loan. The company treated her as a beneficiary and thereby waived the requirement that the policy should be presented with the application and the change indorsed thereon. It might have insisted upon these requirements, in which case the loan could not have been made. The company's waiver is the only logical conclusion to draw from these facts.

The trial court was in error in holding that the loan was the only evidence of waiver. The indorsement upon the application was strong evidence of this fact.

It was also in error in holding that it had not been proved that the company knew of the attempt to change the beneficiary when the loan was made. The loan was made to the assured and the new beneficiary. The new beneficiary would not have been included in the loan had the company not known of the change of beneficiary. No other conclusion is logically permissible.

In its answer the company admits that the insured had exercised his right to designate a new beneficiary under the policy upon forms furnished by the company, and that the company had accepted the said change of beneficiary.

Since compliance with these formalities of the policy were for the benefit of the company, it had the right to admit compliance, and its admission is conclusive upon this point against the defendant Catherine Neary.

The conclusion of the trial court, that the waiver of the company had not been established, is contrary to the proven facts.

In my opinion there is error and the judgment should be set aside.