SARAH J. HOGUE *vs.* MINNESOTA PACKING & PROVISION CO.

Argued Oct. 25, 1894.   Affirmed Nov. 5, 1894.

No. 8882.

### Assignment of Life Insurance Policy.

One of the stipulations in a life insurance policy was that "no assignment of this policy shall be valid unless made in writing indorsed hereon, and unless a copy of such assignment shall be given to the company within thirty days after its execution." *Held* that, this provision not being one which goes to the essence of the contract, but being merely designed to protect the insurer against the danger of having to pay the policy twice, by requiring evidence of a change of beneficiaries to be put in reliable form, and promptly furnished to the company, no one but the insurer can avail himself of a noncompliance with it.

### An assignment good as between the parties.

An assignment of the policy, although not indorsed on it or given to the insurer, is nevertheless valid as between the parties to the assignment.

Appeal by defendant, The Minnesota Packing and Provision Company, a corporation, from an order of the District Court of Hennepin County, *Charles B. Elliott*, J., made March 24, 1894, denying its motion for a new trial.

The Travelers' Insurance Company of Hartford, Conn., on December 11, 1872, insured the life of Hugh W. Hogue in the sum of $2,000 payable to his wife the plaintiff, Sarah J. Hogue. The policy contained this provision, "Ninth. No assignment of this policy shall be valid unless made in writing indorsed hereon and unless a copy shall be given to this company within thirty days after its execution." The wife on June 10, 1874, by writing indorsed on the policy assigned all her rights under it to her husband. A copy of the assignment was duly given to the Insurance Company.

Afterwards he erased the assignment made by his wife by drawing pen marks through her signature and gave back the policy to her. He afterwards in the spring of 1892 without the knowledge or consent of his wife took the policy which was then paid up in full and pledged it without writing to L. P. Van Norman as security for $100 which he then borrowed of him. She, hearing of this, demanded the policy of her husband. Thereupon, he on September 1, 1892, executed and delivered to his wife a written reassignment to her of the policy, but it was not written upon the policy, nor was a copy of it sent to the Insurance Company.

Afterwards, in September, 1892, upon the husband's request Van Norman delivered the policy to the defendant, The Minnesota Packing and Provision Company, and it repaid to him the $100. On December 30, 1892, Hugh W. Hogue owed defendant $327.15 and gave it his note for this amount due on demand. He orally agreed with defendant that it should hold the policy as security for the payment of this note. He also signed an order on the back of the note directing the agents of the Insurance Company to pay the note from any money that might become due on account of the policy. The wife, being informed of these facts, demanded of defendant the policy and being refused she brought this action to recover it. The surrender value of the policy was then $660. The issues were tried December 15, 1893, before *Seagrave Smith*, J., who made findings of these facts and ordered judgment for plaintiff.

He being absent a motion for a new trial was made before *Chas. B. Elliott*, J., but was denied. Defendant appeals from the order.

*Boardman & Boutelle*, for appellant.

The policy contained the provision that it was issued and accepted subject to certain conditions, one of which was that no assignment of the policy should be valid unless indorsed on the policy itself and a copy filed in the home office of the insurers within thirty days from its date. Plaintiff's reassignment complied with neither of these conditions. This asserted reassignment in open violation of the terms of the contract, conveyed no rights to the assignee. *Barry* v. *Equitable Life Assur. Soc.*, 59 N. Y. 587; *Stevens* v. *Warren*, 101 Mass. 564; *Holland* v. *Taylor*, 111 Ind. 121; *Stephenson* v. *Stephenson*, 64 Ia. 534; *National Mut. Aid Soc.* v. *Lupold*, 101 Pa. St. 111; *Thomas* v. *Thomas*, 131 N. Y. 205.

In the court below, however, the effect of this position was sought to be modified by the claim that provisions of this character were solely for the benefit of the insurers, and therefore were material only when the rights of the company were involved. That the decisions cited were in actions against companies to recover insurance and were therefore not in point where the issues were solely between claimants contesting the right to the policy itself.

But in fact the greater number of cases presenting questions of this character arise upon bills of interpleader where the company pays the money into court, thereby eliminating all questions as to itself and leaving the parties to determine the right thereto between themselves. In the case at bar the contract provision is "that no assignment should be valid unless in writing indorsed on the policy." This clearly brings it within the class of cases above cited wherein the violation annuls the transfer and not the policy.

To recover in this action it devolved upon plaintiff to show a restoration of the legal title to herself. This was attempted to be shown by the invalid and ineffectual instrument of reassignment.

So far as the record shows, the pledge by Hugh W. Hogue to Van Norman was legal and valid. Plaintiff cannot equitably be placed in any different or better position in reference to the policy in defendant's hands than under the pledge to Van Norman. Upon

these facts, defendant should be subrogated to the position of Van Norman and entitled to hold the policy for the sum advanced to save it from foreclosure under the pledge to him. Defendant's agreement to advance on the strength of the policy and accept the same as collateral was in accordance with ordinary business methods. Colebrooke, Coll. Sec. § 426; Jones, Pledges, § 145; *Collins* v. *Dawley*, 4 Colo. 138; *Ellis* v. *Kreutzinger*, 31 Mo. 432.

*W. A. Kerr*, for respondent.

The restrictions contained in the policy are inserted therein for the benefit and protection of the company and can be taken advantage of only by it. *Merrill* v. *New England Mut. L. Ins. Co.*, 103 Mass. 245; *Knights of Honor* v. *Watson*, 64 N. H. 517; *Baldwin* v. *Canfield*, 26 Minn. 43; *Nicollet Nat. Bank* v. *City Bank*, 38 Minn. 85; *Joslyn* v. *St. Paul Distilling Co.*, 44 Minn. 183; *Lund* v. *Wheaton Roller-Mill Co.*, 50 Minn. 36; *Marcus* v. *St. Louis Mut. Life Ins. Co.*, 68 N. Y. 625; *Bushnell* v. *Bushnell*, 92 Ind. 503.

MITCHELL, J.    The facts found by the court, and supported by the evidence, are as follows:    In December, 1872, the Travellers' Insurance Company of Hartford, Conn., issued to plaintiff, as beneficiary, a policy of insurance upon the life of her husband.

One of the stipulations in the policy was that "no assignment of this policy shall be valid unless made in writing, indorsed hereon, and unless a copy of such assignment shall be given to this company within thirty days after its execution."    In June, 1874, the plaintiff, in writing, indorsed thereon, assigned the policy to her husband.    A copy of this assignment was given to the company within thirty days.    Thereafter, the husband, "with the desire and intent to restore the title to said policy in the plaintiff," erased the assignment indorsed thereon, and returned the policy to her, and she afterwards kept it in a writing desk in her room.    Subsequently, the husband, without the knowledge or consent of the plaintiff, took the policy, and pledged it to one Van Norman, as security for a debt of his own.    Plaintiff, on learning of this, demanded of her husband a return of the policy.    Thereupon the husband executed and delivered to her a written assignment of the

policy, "with the intent and desire on part of both parties to vest the complete title to the policy in the plaintiff." But, the policy being then in the possession of Van Norman, and never after having come into the control of the plaintiff, this assignment was never attached to or made a part thereof, and, so far as appears, was never given to or filed with the insurance company.

Thereafter, the husband, without the knowledge or consent of plaintiff, pledged and delivered the policy to defendant, as collateral security for an indebtedness owing from him to it. It probably appears from the evidence that this pledge of the policy by the husband to defendant was in part as security for money to be thereafter advanced by it to him; and that this money was in part used in paying the debt due from the husband to Van Norman; and that, upon that being done, the possession of the policy was transferred from Van Norman to defendant. But, as we view the case, these facts are not material.

The debt due from the husband to defendant being still unpaid, the latter refused to deliver the policy to plaintiff, whereupon she brought this action to recover the possession of it, or its value.

The policy being in no sense negotiable paper, and there being no case, upon the facts, for the application of the doctrine of equitable estopppel, the defendant must prevail, if at all, upon the ground that the policy is the property of the husband, for the reason that the reassignment of it by him to plaintiff is invalid, because not indorsed and a copy of it given to the company, as required by the stipulation in the policy above quoted.

It is well settled that a policy of life insurance, where the policy contains no provision to the contrary, is assignable as any other chose in action; at least, provided the assignee has an insurable interest in the life of the insured, which, of course, the wife has in the life of her husband. The great weight of authority would seem to be that, in the absence of restrictive words, there is not even this limitation upon the assignability of such policies. But on this point we have no occasion to express an opinion. It will be observed that the provision of this policy is not that an assignment of it without the consent of the company shall be void,—a very common provision, the object of which is, doubtless, to prevent speculative or gambling insurance, which might increase the risk.

In this case the consent of the company to an assignment is not necessary. All that is required is that the assignment be in writing on the policy, and a copy of it furnished to the company, within thirty days. This provision is not one which is intended to guard against increased risks, and does not go to, or infuse itself into, the essence of the contract. Its sole purpose is to protect the company against the danger of having to pay the policy twice, by requiring written evidence of any change of beneficiaries to be put into reliable form, and promptly furnished to the company.

All that could, at the very most, be claimed as the effect of a noncompliance with this stipulation, is that the company might disregard the attempted assignment, and pay the money to the original beneficiary; in other words, such attempted assignment would be merely voidable at the option of the company. The provision being exclusively for the protection of the company, it might waive its requirements if it saw fit.

The assignment in this case from the husband to the wife would be perfectly good as between the parties; and if, in case of his death, the insurance company saw fit to pay the money to the wife, those claiming under the husband would not be heard to object because the assignment was not indorsed on the policy, or given to the company. This, it seems to us, is decisive of this case.

The objection to the assignment is not one that can be raised by the defendant, or by any one except the insurer. It is urged, however, that the defendant is subrogated to the rights of Van Norman. We fail to see how the mere fact that some of the money advanced by defendant to the husband was used to pay his debt to Van Norman could have that effect, even if Van Norman had any rights as against the plaintiff. But, upon the facts found, Van Norman had no such rights.

The parol assignment of the policy to the plaintiff by her husband, accompanied by delivery, made her the equitable owner. *Chapman* v. *McIlwrath*, 77 Mo. 38.

The subsequent taking of the policy from the possession of plaintiff was a wrongful act on part of the husband, and Van Norman could acquire no greater rights to it than the husband had. The written assignment of the policy by plaintiff to her husband having been canceled by the erasure of plaintiff's signature, it appeared on

the face of the policy that the wife was the beneficiary; and hence, as already suggested, there was no room for invoking the doctrine of equitable estoppel.

Order affirmed.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 812.)