[No. 4161.]

Hill v. Groesbeck, et al.

1.  Life Insurance—Mutual Benefit Associations—Change of Beneficiary.

The beneficiary named in a  policy of  life insurance  issued  by a mutual benefit association acquires a vested interest and without his or her consent a change of beneficiaries cannot be  made unless the contract itself or the by-laws of the association authorize such change.

2.  Same—By-Laws—Evidence.

A by-law of  a mutual benefit insurance  association  authorizing  a member to change the beneficiary designated in his policy without the consent of such beneficiary, is not sufficient to prove the authority to

make such change where it does not appear that such by-law was in force at the time the change was attempted to be made.

3. PRACTICE—EVIDENCE — SUFFICIENCY—FAILURE TO OBJECT TO ADMISSION.

The failure of a party to object to the admissibility of evidence does not preclude him from questioning its weight or sufficiency, when admitted, to establish a fact in issue.

4. PRACTICE—PLEADING—INCONSISTANT DEFENSES.

Two separate defenses alleging a vested interest in a policy of insurance, one by reason of an ante-nuptial agreement and the other by a gift *inter vivos* are not necessarily inconsistant. Inconsistant defenses are allowed under the code.

5. STATUTE OF FRAUDS—PAROL ANTE-NUPTIAL AGREEMENT.

Where plaintiffs claimed an interest in an insurance policy merely as donees by being substituted as beneficiaries, they cannot object to defendant's claim under an ante-nuptial agreement on the ground that under the statute of frauds it was void because not made in writing, where the agreement was completely executed before plaintiff's supposed rights attached.

6. ANTE NUPTIAL AGREEMENT—EVIDENCE.

In an action for the proceeds of an insurance policy where defendant claimed a vested interest by reason of an ante-nuptial agreement and by gift *inter vivos*, and several disinterested witnesses testified that the deceased insured promised defendant if she would marry him he would make her sole beneficiary in an insurance policy in which a former wife then deceased was payee, and after his marriage with defendant he surrendered the policy to the association and procured a new policy with defendant named as sole beneficiary which he delivered to defendant, which she retained in her possession until after his death, the evidence was sufficient to establish either an ante-nuptial agreement or gift *inter vivos* or both, notwithstanding defendant on cross examination said that she married deceased for a home for herself and children and that was the sole consideration and that there was no contract about it, where her entire examination shows that such promise was one of the considerations.

7. APPELLATE PRACTICE—JUDGMENT DIRECTED.

Where a judgment in favor of plaintiffs is reversed and it appears that there have been three trials of the cause and the evidence was not materially different at the last trial from what it was at the two former, and at neither of the trials was the evidence sufficient to sustain plaintiff's action, the cause will not be remanded for a new trial but judgment will be directed for defendant.

*Appeal from the District Court of Arapahoe County.*

This cause, now pending under the title of *Hill v. Groesbeck et al.*, is here for the second time. Upon the first appeal it was entitled *Anderson v. Groesbeck et al.* This change is accounted for by the fact that, since the former appeal, Mrs. Anderson has, by marriage, become Mrs. Hill.

When here before, the judgment of the trial court in favor of the palintiffs was reversed and the cause re-remanded for a new trial. *Anderson v. Groesbeek et al.* 26 Colo. 3. In accordance with the explicit instructions then given, the last trial was had upon the original complaint and the amended answer. Stated briefly, the complaint alleges that to one Thomas G. Anderson, a member of the Covenant Mutual Life Association of Illinois, was issued a life policy for $5,000, payable, in case of his death, to Helen Anderson, the defendant in this action. That afterwards and shortly before the death of Mr. Anderson, he desired to make the beneficiaries therein William W. Anderson and Mollie E. Groesbeck, each to the extent of $2,000, and Helen Anderson, his wife, to the extent of $1,000, which change was then authorized by the by-laws of the association upon surrender and cancellation of the original policy. That to carry out such object Mr. Anderson, by his deed in writing, took such steps as were within his power to cause such substitution to be made, but defendant, having possession of the policy, refused on demand to surrender it, and because of such refusal prevented the actual consummation of the intended change, yet by reason of the premises the plaintiffs herein are, in equity, co-beneficiaries in such policy to the extent indicated.

Defendant denied the material allegations of the

complaint and set forth three separate defenses: (1) That she had a vested interest in the policy as the result of an ante-nuptial agreement by the terms of which the insured promised to make her sole beneficiary if she would marry him, which she did, and thereafter he carried out his promise; (2) that an executed gift of the same was made to her by her husband; (3) that through fraud and misrepresentation practiced by plaintiffs upon Mr. Anderson, the insured, the attempted change of beneficiaries was made.

The trial was to the court without a jury and resulted in findings in favor of plaintiffs; that there was no such ante-nuptial agreement, or gift, as alleged; and that plaintiffs were not guilty of the fraud. Having thus found the issues of fact in favor of plaintiffs, and it further appearing that the association had theretofore paid into the registry of the court the entire proceeds of the policy, and that $1,000 thereof, conceded to belong to defendant, had been paid to her, judgment was given in favor of the plaintiffs for, and they were adjudged to be the owners of, the $4,000, the balance remaining. From that judgment the defendant is here by appeal.

Mr. W. B. HARRISON, for appellant.

Mr. JOSEPH N. BAXTER, and Messrs. DOUD & FOWLER, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

There are several considerations which move us to reverse the judgment, and others that require us to go further and direct a judgment for defendant.

1. Plaintiffs have no rights except under the alleged appointment by Thomas G. Anderson, and if, for any reason that is invalid, they are not entitled to recover. In *Love v. Clune*, 24 Colo. 237, Mr. Justice Goddard in speaking for the court, said:

"Upon examination of the numerous cases cited, wherein the general doctrine is announced that the beneficiaries acquire no vested interest in policies issued by mutual benefit associations until the death of the insured, and may be changed at any time the latter may elect, we find that such change was expressly authorized by the policy under consideration; or by the laws of the association issuing it; and among those passing directly upon the question before us, we think the greater number and better reasoned cases favor the rule that in the absence of any provision upon the subject, the beneficiary named cannot be displaced without his or her consent. And that there is no inherent difference between mutual benefit associations and ordinary life insurance companies in regard to the right to change the beneficiary."

The policy itself contained no provision for a change of beneficiary. The plaintiffs introduced in evidence, without objection from defendant, a by-law which permits a member to change a beneficiary designated in his policy contract, without the latter's consent. There is no evidence as to the time when this by-law was passed, or that it was in force at the time of the attempted change. In the absence of any such provision in force at the time the attempted change was made, it could not divest her right without her consent. Plaintiffs say that the specific objection now urged was not made by the defendant at the trial, hence she cannot take advantage of it now.

This is a misapprehension of the right of a party litigant. Defendant made no objection to the introduction of the by-law, but she did not thereby admit that it was sufficient proof of a right to make the change contended for. Merely because a party does not object to the introduction of evidence does not preclude him from questioning its weight or sufficiency when admitted to establish a fact in issue. No authority has been shown for displacing defendant as a beneficiary without her consent.

3. There is a more substantial ground, at least a more satisfactory reason, for setting aside this judgment. In two separate defenses the defendant alleged that she had a vested interest in the policy by virtue of an ante-nuptial agreement and a gift *inter vivos*. The plaintiff says that these defenses are inconsistant, and that proof of one disproves the other. This does not necessarily follow. Yet under the code, inconsistant defenses are allowed. It often happens that a party has a good cause of action or a defense, but is uncertain as to whether the proof will establish it in one form or another, and so, either in separate causes of action in his complaint, or in different defenses of the answer, he sets forth in varying forms, the facts constituting the same. So here the defendant relied upon the same facts to establish the separate defenses, and the proof of one did not negative the other.

3. It is futher said that the parol ante-nuptial contract, if it was entered into, is within the statute of frauds. This is wholly untenable. In the first place plaintiffs are not in a position to make such contention; but if they were, the contract was made, if it was a contract, or if there was a gift, it was likewise completely executed, long before their supposed

rights attached.   The authorities are all one way upon this proposition, and it is too plain to need any citation in support of it.   Plaintiffs gave no consideration for what rights they tried to secure by the attempted change in beneficiaries, and they claim merely as donees.

4.   Let us now inquire if the ante-nuptial contract, or the gift, was established.   The only evidence produced upon these issues of fact was that of the defendant, the plaintiffs offering none at all.   Not only is its great weight in her favor, but there is nothing whatever contradictory of it, so that the evidence is all one way.   The question therefore, is whether the uncontradicted evidence establishes either of these defenses.   By several competent, apparently disinterested, and unimpeached witnesses it clearly appears that before the marriage of the defendant and Thomas G. Anderson he promised her, as one of the considerations of marriage, to make her the beneficiary in an insurance policy in which a former wife Mary J. Anderson, then deceased, was the payee. After his marriage with the defendent, in pursuance of the previous promise, he surrendered to the association the original certificate with the request that the name of his then wife (the defendent here) should be substituted as the sole beneficiary, and after the policy was issued he delivered it to her. She continued to hold possession of it until ordered by the trial court to bring it into court, and paid assessments thereon in the sum of about $200.   This evidence is abundantly sufficient to establish either, or both, of the defenses.

It is true that plaintiffs in argument contend that in her cross-examination defendant admitted that she married Anderson for a home for herself and

children, and that was the sole consideration, and in testifying as to what occurred between her and her husband before the marriage concerning the policy, she said there was no contract about it. And the record so shows. But the entire record and what the witness almost immediately thereafter said in explanation of such statement must also be taken into account. And it clearly appears that there were several considerations inducing her to enter into the marriage relation, of which the executed promise to make her payee in this policy was unquestionably one. The ante-nuptial contract having, as we regard it, been clearly proven, the defendent, under our former decison, now the law of the case had a vested interest in the policy, which it was beyond the power of the association or the insured, or both, to divest without her consent, and this consent she never gave. This necessarily disposes of the case, and it does not become necessary to inquire whether plaintiffs were guilty of the fraud charged.

There have been already three trials of this action. The judgment was for the defendant at the first, which the trial court set aside; and at the close of the second trial the court indicated that a like judgment would be rendered if the plaintiffs did not amend their complaint. When the amended complaint, framed as the court suggested, was filed, without taking any further testimony judgment was rendered for the plaintiffs, which was set aside by this court upon the former appeal. The evidence at the last trial was not materially different from what it was upon the two former ones; the only difference, if any, being that on the last trial the defendant's case was the strongest. We conceive it to be our duty not to remand the cause for a new trial, but to direct a judgment for the

defendant. The evidence so preponderates in her favor upon the vital issues in the case that it would be doing an injustice further to prolong the litigation. We are satisfied that the plaintiffs would not be able to maintain their action,—at least, they have not been able to do so at either one of the three trials which they have had. Other reasons might be assigned for our conclusion, but the ones given are sufficient.

The judgment of the district court is, therefore, set aside, and the cause remanded with instructions to the district court to render judgment in favor of the defendant for the entire fund of $4000 heretofore by the association paid into, and now remaining in, the registry of the court, and for costs.

*Reversed and Cause Remanded for the Entry of Judgment.*