## McGLYNN v. CURRY et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. INSURANCE—LIFE POLICY—GIFTS—SUBSEQUENT ASSIGNMENT.
   Insured obtained a life policy, in which she designated plaintiff as her beneficiary, which policy she at once delivered to plaintiff. The policy was then, at the mutual request of plaintiff and assured, delivered to their uncle for safe-keeping, and was kept by him for several months, when it was sent to assured, with other papers belonging to her, by plaintiff's mother; but there was no evidence of plaintiff's intention thereby to part with its ownership. Four days before insured's death, she assigned the policy to defendant, and notified the insurer that she desired to change the beneficiary. Held, that a finding that the delivery of the policy to plaintiff constituted a completed gift of the same to her was justified.

2. SAME—CHARACTER OF PROPERTY—GIFT.
   A life insurance policy is personal property, within Statutory Construction Law, § 4 (Laws 1892, p. 1485, c. 677), and may therefore be made the proper subject of a gift by the insured during her lifetime.

3. SAME—INTEREST OF DONEE.
   Where insured consummated a valid gift of a life insurance policy, the interest of the donee was in the entire contract, with a right to keep the same in force by the payment of premiums, if necessary, and was not merely an interest which extended from year to year, so far as the contract was executed.

4. SAME—PROVISIONS OF POLICY—ASSIGNMENT—WAIVER.
   A provision of a life insurance policy that any assignment thereof must be in duplicate, and both sent to the home office—one to be retained by the company, and the other to be returned—was waived by the company filing an interpleader in an action on the policy, and asking for a determination of the ownership of the fund between the beneficiary and the assignee.

Appeal from Trial Term, Kings County.

Action by Katherine A. McGlynn, by Frank T. McGlynn, her guardian ad litem, against Annie E. Curry, impleaded with the New York Life Insurance Company. From a judgment in favor of plaintiff, defendant Curry appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Brownson Ker (M. P. O'Connor, on the brief), for appellant.
Howard A. Sperry, for respondent.

WOODWARD, J. On the 6th day of June, 1901, one Belle S. McGlynn, in consideration of the payment of $17.23, and her agreement to pay the like sum on the 27th day of August, November, February, and May, thereafter, in every year, obtained from the New York Life Insurance Company a 20-year endowment policy upon her life, and designated the plaintiff, her niece, as the person to whom the insurance money should be paid in case of the death of the insured before the maturity of the policy. Upon the delivery of this policy to the insured, she delivered the same to her infant niece, the plaintiff in this action, and the beneficiary named in the instrument; using language which the court has found sufficient to establish a completed gift. The evidence, we believe, is sufficient to support the conclusion reached below. The policy was then, at the mutual request of the said Belle S. McGlynn and the plaintiff, delivered into the hands of Frank T. McGlynn, the uncle of both of the parties mentioned, for safe-keeping, and was by him deposited in a safe in his house. It remained there for some months, when it was sent by the plaintiff's mother, with other papers belonging to Belle S. McGlynn, to the insured, but without directions either from the infant or from her father, who was then living, and with no intention on their part, so far as the evidence discloses, to part with its ownership. The insured had in the meantime gone to live with Annie E. Curry, the defendant. She was ill with measles, developing pneumonia, and four days before her death she made a written request to the New York Life Insurance Company to change the beneficiary to the defendant; declaring in her letter that the policy was not then assigned, to comply with a provision in the policy that a change of beneficiary might be made at any time if the policy had not then been assigned. The company made the memorandum on the policy changing the beneficiary, and it is before this court, not as a contestant, but for the purpose of having determined which one of the claimants is entitled to the money. The learned court at Special Term, by deciding that there was a completed gift of the policy to the plaintiff, has defeated the change of beneficiary attempted to be made by the insured, and the defendant Curry appeals from the judgment.

We find no difficulty in holding that the evidence in this case supported the conclusion of the court at Special Term. There can be no reasonable doubt that the insured delivered and intended to convey to the plaintiff the policy of insurance, and the law is fairly well established that no written transfer was necessary; that the unqualified delivery of the policy to her for the purpose of vesting title in

her was sufficient to produce that result. Matter of Babcock, 12 N. Y. St. Rep. 841; Marcus v. St. Louis Mutual Life Ins. Co., 68 N. Y. 625; Olmsted v. Keyes, 85 N. Y. 593, 599, and authority there cited. The fact that there was no consideration passing between the parties is of no consequence. The policy had the character of personal property (section 4, Statutory Construction Law; Laws 1892, p. 1485, c. 677), and it is clearly within the power of the owner of such property to make a valid gift of the same. This gift having been consummated, the interest of the plaintiff was in the whole contract, and not merely from year to year, and so far only as it was executed. N. Y. Life Ins. Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789. She had the right, if the insured failed to pay the premiums, to pay them herself, and thus continue the policy in force. As a necessary result of this ownership, the insured could not surrender this policy without the assent of the owner (Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 152, 153, 6 N. E. 267, 55 Am. Rep. 787, and authorities there cited), nor could she change the beneficiary. The policy clearly recognizes the right of the insured to assign it, in the second paragraph of its bond or policy; and while it is provided that "any assignment of this insurance bond must be made in duplicate and both sent to the home office, one to be retained by the company and the other to be returned," this is merely for the protection of the company, and this has been waived by the latter by interpleading in this action and asking for the settlement of the ownership of the fund, which is conceded to be due. Hamilton v. City of Buffalo, 55 App. Div. 423, 428, 66 N. Y. Supp. 990, and authorities there cited. The policy declares, not that an assignment shall be void, but that "the company has no responsibility for the validity of any assignment"—that is, it does not undertake to determine any question connected with the assignment; and that is the reason why it is here, asking the court to determine the ownership of the fund which is conceded to be due under the policy. See Kimball v. Lester, 43 App. Div. 27, 32, 59 N. Y. Supp. 540.

A member of a benefit society has the unqualified right, under the statute, to change his beneficiary without consulting the latter. Fink v. D., L. & W. Mutual Aid Society, 57 App. Div. 507, 512, 68 N. Y. Supp. 80. But this is merely his right as against the society, whose by-laws govern the method of procedure, and has nothing to do with the case of a policy issued by an insurance company organized for profit, and which has been given to the beneficiary named in the policy. Such a policy is not a contract of assurance for a single year, with a privilege of renewal from year to year by paying the annual premium, but is an entire contract of assurance for life, subject to discontinuance and forfeiture for nonpayment of any of the stipulated premiums. Each installment is, in fact, part consideration of the entire insurance for life (New York Life Ins. Co. v. Statham, 93 U. S. 24, 30, 23 L. Ed. 789); and when the insured, in the case at bar, made her initial payment and delivered the policy, with intent to convey ownership in the plaintiff, there was a value involved, of which the plaintiff could not be divested by any subsequent act on the part of the insured without her consent. The plaintiff, by reason of the consummated gift, had

a property right in the whole contract; and, while this might be forfeited by a failure on the part of the assured or the plaintiff to make the quarterly payments provided for in the policy, the insured had parted with the right to transfer this policy or its benefits to any other person than the beneficiary named, and her letter requesting the company to insert in the policy the name of a new beneficiary could not operate to vest in the defendant Curry any right to the money which is now conceded to be due under the policy.

The judgment appealed from should be affirmed, with costs. All concur.