[No. 6862]

JOHNSON v. NEW YORK LIFE INSURANCE COMPANY ET AL.

1. LIFE INSURANCE—*Change of Beneficiary*—The general rule is that there can be no change in the beneficiary without a provision to that effect in the policy. Where the policy allows such change the beneficiary named therein has an interest which is liable to be defeated, but only in the manner prescribed by the policy, the charter or by-laws of the insurer, or by statute.

In Colorado there is no difference in this respect between policies in ordinary life companies, and those held in fraternal or mutual companies.

2. ——*Notice to Insurer*—Where notice to the insurer is required, a change attempted by the insured without giving such notice is ineffectual as against the beneficiary named in the policy.

3. ——*Notice Excused*—If the assured has fully complied with what is required of him, to protect the change of beneficiary, and by reason of circumstances beyond his control the change is not entirely consummated at the time of his death, equity will sometimes treat the substitution as complete. But an allegation that the assured resided fifty miles from the local office of the insurer, that he made one journey to such office but found it closed, and was unable to find the agent, that he was ignorant of what was required, was a laboring man, a poor person, and unable to either read or write in English with facility, and by reason of these circumstances and the expense incident to a second journey, he failed to cause the change to be perfected, in the manner required, was held entirely insufficient.

4. ——*Parol Assignment of Policy*—The policy named as the beneficiary, the mother of the assured, but provided for its assignment. His widow, suing thereon, alleged that the insured in his life time delivered the policy to her, as a gift, in order to provide for her maintenance, and that

of their infant child; that thereafter the policy remained in her possession until the death of her husband; and that after such delivery she assisted in paying the premium accruing thereon. These facts were held insufficient to defeat the right of the mother. Gabbert J. and Scott J. dissenting.

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Messrs. STARK & MARTIN, for plaintiff in error.

Mr. H. R. SAHLGAARD, Mr. M. B. CARPENTER and Mr. A. NEWTON PATTON, for interpleader.

Messrs. HINDRY & FRIEDMAN, Mr. GUY K. BREWSTER, Mr. GEORGE ALLAN SMITH and Mr. B. E. WOODWARD, *Amici Curiae.*

Mr. JUSTICE HILL delivered the opinion of the court.

This action involves the disposition of $2,000 paid into court by the defendant in error, the New York Life Insurance Company. In her complaint the plaintiff in error alleges, that in March, 1904, in consideration of certain payments made and to be made to the insurance company by Swan G. Peterson, it made its policy of insurance in writing, wherein and whereby it agreed to pay to Lisa Swanson, mother of the insured, or to such beneficiary as may have been duly designated, the sum of $2,000 upon proof of the death of Swan G. Peterson. A copy of the policy is incorporated in the complaint. The clause bearing upon the subject of beneficiaries reads:

"The insured, having reserved the right, may change the beneficiary, or beneficiaries, at any time during the continuance of this policy, by written notice to the company at the home office, provided this policy is not then assigned. The insured may at any time, by written notice to the company at the home office, declare any beneficiary then named to be an absolute beneficiary under this policy. No designation, or change of beneficiary, or declaration

of an absolute beneficiary, shall take effect until endorsed on this policy by the company at the home office. During the lifetime of an absolute beneficiary the right to revoke or change the interest of that beneficiary will not exist in the insured. If any beneficiary, or absolute beneficiary, dies before the insured, the interest of such beneficiary will become payable to the executors, administrators or assigns of the insured."

The policy provides for its participation in the profits of the company at the end of twenty years, if the insured is then living; also for paid up insurance, as well as for automatic term insurance, also for a cash surrender value, and possibly for loans. Another clause states, "An assignment of this policy may be made in duplicate and both sent to the home office, one to be retained by the company and the other to be returned. The company has no responsibility for the validity of any assignment." The complaint further alleges, that in July, 1905, the plaintiff and the said Swan G. Peterson intermarried and that such relation continued until his death, which occurred in November, 1907; that in September, 1906, as the issue of said marriage there was born one child, Katherine, who is now dependent upon the plaintiff for support. It is then alleged, that while the policy was in full force and not assigned, and in pursuance of the reservation permitting him to change the beneficiary, the said Swan G. Peterson did designate and appoint the plaintiff as the beneficiary of and under the policy; that in pursuance of such designation the insured delivered her the policy, and that the same remained and continued in her possession until his death; that after the transfer and delivery of the policy to her she paid and assisted in paying the premiums due thereon so as to keep it in full force and effect.

It appears from the complaint that notice of this

assignment and change of the beneficiary was not given the company, nor was an endorsement on the policy of a change made by the company. To excuse the failure of the insured to comply with the requirements of the policy in these respects it is alleged, that he resided about fifty miles from Denver and made a trip for the purpose of making application at the office of the company in Denver to have plaintiff designated as the beneficiary; that he was ignorant of the manner and procedure required to be taken for the purpose of effecting such change; that he endeavored to find the agent through whom the policy was effected; that he was unable to do so.; that he then attempted to transact the matter himself but found the offices of the company closed; that he was a laboring man, a miner, a poor person and a foreigner, and unable to either read or write the English language, except meagerly; that by reason of the long distance from his place of residence to an office of the company, the expense incident in going to one, and his unfamiliarity with the English language he neglected to have the policy changed in the proper manner.

It is alleged that Lisa Swanson, the mother of deceased, claims the money payable under the policy, but denies that she has any interest, and prays in order that there may be a final adjudication in the premises that she be made a party to the action, and be required to present her claim if any she has.

In its answer the insurance company admits the issuance of the policy, the death of the insured, the designation of Lisa Swanson, the mother, as beneficiary and alleges that she claims the money; that it cannot determine without hazard to itself to which the money is rightfully due. It prays for an order requiring plaintiff and Lisa Swanson to appear and interplead concerning their respective claims under the policy; that an order issue

authorizing it to pay the money into court and be discharged. The order of interpleader, etc., was made. Lisa Swanson intervened; in her petition she alleged that she was made the beneficiary as the mother of the insured, denied that the insured at any time designated or appointed the plaintiff as the beneficiary under the policy, and alleged that she is the beneficiary named in the policy and claims the money due thereunder. '

The plaintiff filed a replication to this answer. The interpleader then moved for judgment in her favor on the pleadings, which was sustained. The plaintiff brings the case here for review.

If the facts alleged when admitted to be true are such that no other judgment could have been rendered thereunder, the motion was properly sustained. Where the policy contains no provisions for a change of the beneficiary, the general rule is that the policy, and the money to become due under it vests immediately in the person named as the beneficiary, and that this interest being vested cannot be transferred by the insured to any other person without the consent of the named beneficiary.— *Hill v. Groesbeck,* 29 Colo. 161, 67 Pac. 167; *Pittinger v. Pittinger,* 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193; *Love v. Clune,* 24 Colo. 237, 50 Pac. 34; *Mutual Life Insurance Co. v. Hagerman,* 19 Colo. App. 33, 72 Pac. 889; *Central Bank v. Hume,* 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; *Hopkins v. Hopkins' Adm'r,* 92 Ky. 324, 17 S. W. 864; *Mutual Life Ins. Co. v. Twyman,* 122 Ky. 513, 92 S. W. 335, 97 S. W. 391, 121 Am. St. Rep. 471; *Pilcher v. New York Life Ins. Co.,* 33 La. Ann. 322.

This does not hold true, however, where the contract of insurance provides (as this one does) that the insured may change the beneficiary. In policies like this the general rule is that the beneficiary has an interest in the policy, which, while subject to be defeated by a change of ben-

eficiary, can be defeated only in the manner prescribed in the policy, the charter or by-laws of the company or by statute.—*Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122; *Rollins v. McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260; *Indiana Nat. Life Ins. Co. v. McGinnis* (Ind.), 101 N. E. 289, 45 L. R. A. (N. S.) 192; *Union Central Life Ins. Co. v. Woods,* 11 Ind. App. 335; *Farra v. Braman,* 171 Ind. 529, 86 N. E. 843; *Holland, Guardian, v. Taylor,* 111 Ind. 121, 12 N. E. 116; *Smith v. Nat. Benefit Soc.,* 123 N. Y. 85, 25 N. E. 197, 9 L. R. A. 616; *Arnold v. Empire Life Ins. Co.,* 3 Ga. App. 685, 60 S. E. 470; 2 May on Insurance, § 399e; Bliss on Life Insurance (2d Ed.), §§ 318, 337; *Isgrigg, Ex'r, v. Schooley,* 125 Ind. 94, 25 N. E. 151; *Holder v. Prudential Ins. Co.,* 77 S. C. 299, 57 S. E. 853; *Washington Life Ins. Co. v. Berwald,* 97 Tex. 111, 76 Pac. 442, 1 Ann. Cas. 682; *Freund v. Freund,* 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; *Thomas v. Thomas,* 131 N. Y. 205, 30 N. E. 61, 27 Am. St. Rep. 582; *De Silva v. Supreme Council,* 109 Cal. 373, 42 Pac. 32; *Charch v. Charch,* 57 Ohio St. 561, 49 N. E. 408; *Kentucky Masonic Mutual Life Ins. Co. v. Miller's Adm'r,* 76 Ky. (13 Bush) 489; *Eastman v. Association,* 62 N. H. 555; *National Mut. Aid Soc. v. Lupold,* 101 Pa. 111; *McLaughlin v. McLaughlin,* 104 Cal. 171, 37 Pac. 865, 43 Am. St. Rep. 83; *Wendt, Adm'r, v. Iowa Legion of Honor,* 72 Iowa, 682, 34 N. W. 470; *Supreme Conclave v. Capella* (C. C.), 41 Fed. 1; *Mut. Ass'n v. Montgomery,* 70 Mich. 587, 38 N. W. 588, 14 Am. St. Rep. 519; *Wirgman v. Miller,* 98 Ky. 620, 33 S. W. 937.

In this jurisdiction there is no difference in this respect between policies held in fraternal or mutual companies and ordinary life insurance companies.—*Finnell v. Franklin, supra; Hill v. Groesbeck,* 29 Colo. 161, 67 Pac. 167; *Pittinger v. Pittinger,* 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193; *Love v. Clune,* 24 Colo. 237, 50 Pac. 34.

It has repeatedly been held where a change of beneficiaries is to be made in a certain manner which includes notice to the insurer, that a disposition of the proceeds by will, not brought to the attention of the insurer during the insured's lifetime, is ineffectual as against the beneficiary named in the policy.—*De Silva v. Supreme Council,* 109 Cal. 373, 42 Pac. 32; *Hellenberg v. District No. 1,* 94 N. Y. 580; *Stephenson v. Stephenson,* 64 Iowa, 534, 21 N. W. 19; *Daniels v. Pratt,* 143 Mass. 216, 10 N. E. 166; *Holland v. Taylor,* 111 Ind. 121, 12 N. E. 116; *Olmstead v. Benefit Society,* 37 Kan. 93, 14 Pac. 449.

It is not claimed that the conditions prescribed in the policy for a change of beneficiary were complied with. The complaint fails to allege a sufficient attempt on the part of the insured to make a change of the beneficiary in the manner provided, or that he was prevented from doing so by the happening of that over which he had no control. What it alleges on this subject in the way of an excuse was pure neglect upon his part and nothing more. These alleged excuses disclose that he was aware of the conditions prescribed in the policy by which a change of beneficiary could be made. Regardless of this he made no reasonable effort to have the beneficiary changed in the manner prescribed in the policy.

In *Rollins v. McHatton, supra,* it was said:

"If the assured has done his part towards perfecting the substitution in accordance with the method prescribed, but owing to circumstances over which he has no control the change is not entirely consummated at the time of his death, equity will sometimes treat the substitution as complete."

But as above stated, he made no such effort and was not prevented from completing such a change by circumstances over which he had no control.

The complaint alleges that the insured delivered the policy to the plaintiff, that the purpose of such delivery was to provide in the event of his death that the proceeds of the policy should be paid to her for her maintenance and that of their infant child; that the policy thereafter remained in her possession until the death of the husband; that after such delivery she assisted, out of the proceeds of her labor, in paying premiums on the policy. It is claimed, that these allegations are sufficient to sustain a parol assignment of the policy to her by way of gift; that the plaintiff's relation to the policy became that of assignee or donee, which deprived the beneficiary named in the policy of all right and interest therein.

In *Block v. Valley Mutual Insurance Association,* 52 Ark. 201, 12 S. W. 477, 20 Am. St. 166, the policy did not provide for a change of beneficiaries but contained a clause pertaining to assignment as follows: "This certificate may be assigned, transferred, or set over by and with the consent of the association, granted by its president or secretary." This was held to mean that the beneficiary might assign his interest. The court said:

"This does not mean that another beneficiary may be substituted by the insured, for substitution and assignment are quite different things; it simply intends that the beneficiary may assign his interest. The insured had no interest to assign. That was vested in the parties, named. ·Bliss Life Ins., sec. 318; Bacon Ben. Soc., sec. 392. He had no power of substitution, because none is reserved in the contract, or in the charter or by-laws of the association, incorporated into the policy."

In *Highland v. Highland,* 13 Bradwell (Ill.), 510, the certificate was payable to the member's sister, he subsequently married and shortly before his death wrote to his wife, "I want you to have all my effects—everything. Tell my sister, if you ever hear from her." The certifi-

cate was never delivered to the sister, but was found among the effects of the deceased member; at suit between the wife and sister, held that the sister was entitled to the insurance. The corporation had prescribed in what manner a member should direct to whom his benefit was to be paid. The court said: "Having elected to direct on the face of the certificate to whom the money should be paid, it must be paid as directed, unless such direction has been changed in the mode prescribed by the laws and constitution of the order."

In *Coleman v. Knights of Honor*, 18 Mo. App., 189, it was held that the adoption of a particular method of changing a benefit certificate under the powers and within the limits of the charter of a benevolent benefit society is the exclusion of all other methods.

As stated in *Indiana Nat. Life Ins. Co. v. McGinnis, supra:*

"It seems, as we view it, that in such a policy or contract the beneficiary has some interest, and that the insured has reserved to himself a power with a right of exercise to the extent of defeating or cutting off the interest of the beneficiary by a strict compliance with the terms of such power as in the contract or policy written; that the interest therein taken and owned by the beneficiary upon the issuance, delivery, and acceptance of the policy was a defeasible, vested interest."

In *Holland v. Taylor, supra,* on this subject, it is said:

"It would be saying too much to say that she had no rights.   *   *   *   So long as the contract remained as executed, she had the right of a beneficiary, subject to be defeated by a change of beneficiary by the assured.   *   *   *   the assured had reserved to himself the power to change the beneficiary, and that was the extent

of his right in, or power over, the certificate, or the amount agreed to be paid at his death.''

In *Freund v. Freund*, 218 Ill., at page 201, it is said:

''In the present case, where the policy was issued by a New York company and must be governed by the laws of that state, the right of the assured to change the beneficiary is a qualified right; that is, subject to the consent of the company and to the endorsement upon the policy by the company at its home office. The tendency of the decisions in the state of New York, when carefully examined, is to sustain the rule, that a change of beneficiary cannot be accomplished, except by compliance with the provisions in the statute and in the contract for such change, and only by and with the consent of the company.''

In *Arnold v. Empire Mutual Life Ins. Co., supra,* the court says:

''The beneficiary of an insurance policy has a vested right in the contract of insurance, which cannot be diminished or affected by subsequent agreements between the insurer and the insured, which are not stipulated or provided for in the original contract. The vested right of the beneficiary is subject to be divested only in accordance with express provisions of the contract permitting a change of beneficiary.'

In *McGlynn v. Curry*, 82 Ap. Div. 431, 81 N. Y. Supp., 855, the insured had the policy made payable to another, which policy she at once delivered to the other. Four days before her death she assigned the policy to another and notified the company that she desired to change the beneficiary; this latter notice was required by the company. It was held that the delivery of the policy to the first beneficiary constituted a complete gift of the same to her which prevented the assured from thereafter

changing the beneficiary without the consent of the party to whom she had orally assigned the policy. This case which involved a New York life policy explains to some extent the reason for the clause in the one under consideration, viz., that the beneficiary can be changed in a certain manner, provided the policy has not been assigned. That the insured may assign all the right, title and interest which he has reserved to himself in a policy with a named beneficiary therein, may be conceded. The beneficiary may likewise assign the policy to the extent of his or her interest.—*Collins v. Dawley*, 4 Colo. 138, 34 Am. Rep. 72; May on Insurance, Vol. 2 (3d Ed.), Sec. 399s; *Connecticut Mut. Life Ins. Co. v. Baldwin*, 15 R. I. 106, 23 Atl. 105.

We deem it unnecessary to determine whether the clause in this policy permitting an assignment was for the benefit of the insured, or the beneficiary, or both; or if for the insured whether the facts alleged are sufficient to constitute such an assignmnt for the reason, if they were all determined in favor of the plaintiff, it is elementary that the insured could not, by assignment or otherwise, transfer to the plaintiff any greater right or interest in the policy than that of which he was possessed. If such an assignment was permissible, and is valid, then her rights were limited to what his were prior to the assignment. Without determining what his rights were, the language might be construed to mean that the insured reserved the right to allow the policy to lapse automatically by the nonpayment of premiums, to secure a paid up policy for a certain amount, to surrender it and secure its cash value, to change the beneficiary in the manner provided by the policy, or to assign his interest, thereby giving to the assignee these same privileges pertaining to its disposition. If the alleged assignment is valid it is conceded that no attempt was made by the

assignee to make any disposition of the policy during the lifetime of the deceased.

The rights of a designated beneficiary under a life insurance policy are fixed by the facts existing at the time of the death of the insured.—*Freund v. Freund,* 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; *Benton v. Brotherhood of Railroad Brakemen,* 146 Ill. 570, 34 N. E. 939; Niblack Benefit Societies and Accident Insurance (2d Ed.), §§ 218, 222; *Fink v. Fink,* 171 N. Y. 615, 64 N. E. 506; *Thomas v. Thomas,* 131 N. Y. 210, 30 N. E. 61, 27 Am. St. Rep. 582; *Wendt v. Legion of Honor,* 72 Iowa 685, 34 N. W. 470; *Ballou v. Gile, Adm'r,* 50 Wis. 614, 7 N. W. 561; *Ireland v. Ireland,* 42 Hun (N. Y.) 212.

In *Townsend's Assignee v. Townsend,* 127 Ky. 230, 105 S. W. 937, 16 L. R. A. (N. S.) 316, where the policy did not provide for the change of beneficiaries the court said:

"The only reservation to the insured was the right to surrender the policy at the end of the first ten years, or at the end of any subsequent 5 years, and to receive in cash its then cash surrender value.   *   *   *   Unless, then, this right was exercised at the time, and in the manner expressed in the policy, the interest of the named beneficiaries continued unaffected by it. Their interest was vested, subject to be defeated only (1) if they died before the insured, or (2) if he, at the time and in the manner expressed in the policy, exercised his option to surrender it in exchange for its then cash surrender value. It was not within the power of the insured, or within his and the insurer's power, to alter the terms of the contract so as to affect the interests of the beneficiaries. The insured had not the right to assign the policy to another, for value or not, nor had he the right to pledge it as collateral to secure his own indebtedness."

The pertinent question is, who was the beneficiary at the time of the death of the insured? The policy was then in force and there was in existence a designated beneficiary named in the policy; there had been no change in this respect; no action had been taken by any one concerning its surrender or cancellation. Under such circumstances the beneficiary designated in the policy is entitled to receive the money in harmony with the terms of the contract; to hold otherwise would be inconsistent with the great weight of authority, as well as violative of well settled principles pertaining to contracts of insurance.

The case of *Embry's Admrs. v. Harris,* 107 Ky. 61, 52 T. W. 958, is not applicable. The distinction being as stated in the opinion, "The policy, being payable to the estate of Embry, was assignable by him in any legal manner. There was no beneficiary named to take a vested estate."

In *Leaf v. Leaf,* 92 Ky. 166, 17 S. W. 354, this same court reasoned out that a certificate of insurance issued by a benefit association, whose object of organization was to create a widows' and orphans' benefit fund, could not have the beneficiary changed from a divorced wife and her little children to the adult children by a former wife of the deceased by complying with the conditions required in the policy, except the surrender of the policy which was sought to be substituted by an affidavit that the divorced wife held and refused to surrender the policy, when it was shown that the policy was taken into consideration in a property settlement in connection with divorce proceedings and that the wife had paid some subsequent premiums.

In *Chapman v. McIlwrath,* 77 Mo. 38, 46 Am. Rep. 1, it was held that a husband might orally assign a policy of insurance on his life to his wife. The court makes the

same distinction as the Kentucky cases by stating that the policy was made payable to McGuire if living at its expiration, otherwise to his executors, administrators or assigns. To the same effect is appeal of *Louis C. Madeira* (Penn.), 4 Atlantic 908, also *Hewins v. Baker,* 161 Mass. 320, 37 N. E. 441, as are practically all the other cases cited to sustain the plaintiff's contention, with the exception of those where the policy, while allowing a change of beneficiary, has failed to prescribe the manner in which it shall be done. These cases are not applicable to the facts under consideration.

If the case of *Splawn v. Chew,* 60 Tex. 532, is in conflict with the views herein expressed, it is in conflict with the former decisions of this court, and is contrary to the great weight of authority. As stated in *Finnell v. Franklin, supra,* in quoting from Niblack's Benefit Societies and Accident Insurance, "It is said that *Splawn v. Chew, supra,* is the sole exception to the holding that a change of beneficiary 'to be effectual must be made in compliance with the terms of the certificate or by-laws of the society.' "

For the reasons stated the judgment is affirmed. The former opinion is withdrawn.

*Affirmed.*

Decision *en banc.*

Mr. JUSTICE GABBERT and Mr. JUSTICE SCOTT dissent.

Mr. JUSTICE GABBERT dissenting:

The majority opinion is based upon the assumption that the interest of the beneficiary named in the policy could only be divested in the manner prescribed in the policy. In a limited sense this is correct: That is to say, in order to substitute another beneficiary on the face of the policy the manner specified in the policy on the subject must be substantially followed; but substitution

of a beneficiary on the face of a policy, and an assignment and delivery of it to a third person are, as stated in *Block v. Valley Mutual Insurance Association,* entirely different propositions.

Referring to the complaint: We find the real question upon which the case turns is whether Mrs. Johnson is entitled to the proceeds of the policy, not as a beneficiary substituted on its face, but as assignee or donee. According to the complaint it is alleged in substance that the insured delivered the policy of insurance to her; that the purpose of such delivery was to provide that in the event of his death the proceeds of the policy should be paid to her for the maintenance of herself and their infant child Katherine; that the policy from that time remained in her possession until the death of her husband; and that after such transfer and delivery she assisted out of the proceeds of her labor in paying premiums on the policy. In brief, these averments are that the insured transferred and delivered to her the policy as a gift, with the intent that the proceeds in the event of his death should be paid to her for her maintenance and the maintenance of their infant child, and that for the purpose of keeping the policy in full force and effect she thereafter assisted in paying the premiums out of her own earnings.

The very object of life insurance is to provide a fund for those dependent upon the insured in the event of his death, and this object should be carried into effect when possible.—*Mutual L. I. Co. v. Lowther,* 22 Colo. App. 623, 126 Pac. 882.

It was certainly the intent of the insured to provide for his wife and child, and that this intent can be given effect is apparent from a discussion of the following propositions:

1.  The interest of Mrs. Swanson in the policy.

2.  The control of the insured over it.

3.  The interest acquired by Mrs. Johnson.

4. There is no provision in the policy which Mrs. Swanson can invoke which will defeat that interest.

1.  A policy of insurance does not create a vested interest in the beneficiary during the lifetime of the insured when by the terms of the policy the insured reserves the right to change the beneficiary.  Under such a provision the right of the beneficiary vests conditionally, not absolutely, and the insured, without the knowledge or consent of the beneficiary, may designate another, for the reason that the right of the person named in the policy as beneficiary is subject to be defeated by the terms of the contract naming him as such.  In other words:  This is a condition of the contract and his right therefore is subject to it.—*Hopkins v. N. W. Ins. Co.,* 99 Fed. 199, 40 C. C. A. 1; *Mut. L. I. Co. v. Twyman,* 122 Ky. 513, 92 S. W. 335, 97 S. W. 391, 121 Am. St. Rep. 471; *Hopkins v. Hopkins,* 92 Ky. 324, 17 S. W. 864; *Atl. M. L. I. Co. v. Gannon,* 179 Mass. 291, 60 N. E. 933; *Martin v. Stubbings,* 126 Ill. 387, 18 N. E. 657, 9 Am. St. Rep. 620; *Delaney v. Delaney,* 175 Ill. 187, 51 N. E. 961; *Splawn v. Chew,* 60 Tex. 532; *Fuos v. Dietrich* (Tex. Civ. App.), 101 S. W. 291; *McNeil v. Chinn,* 45 Tex. Civ. App. 551, 101 S. W. 465; *Knights of Honor v. Watson,* 64 N. H. 517, 15 Atl. 125.

In this jurisdiction this rule has been at least indirectly recognized as correct in the following cases: *Rollins v. McHatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260; *Love v. Clune,* 24 Colo. 237, 50 Pac. 34; *Pittinger v. Pittinger,* 28 Colo. 308, 64 Pac. 195, 89 Am. St. Rep. 193; *Hill v. Groesbeck,* 29 Colo. 161, 67 Pac. 167; *Denver L. I. Co. v. Crane,* 19 Colo. App. 191, 73 Pac. 875; *Mutual L. I. Co. v. Lowther, supra.*

2. Mrs. Swanson did not have a vested interest in the policy, but only an expectancy. The only limitation imposed upon the insured was with respect to the substitution of another beneficiary on the face of the policy; consequently it must follow that his control over the policy subject to this one limitation was as absolute and complete as though he had been the beneficiary himself or the policy had been payable to his estate.—*Denver L. I. Co. v. Crane, supra.*

3. In the complaint it is alleged that the insured delivered the policy to the plaintiff in circumstances from which it may well be inferred that he delivered it to her as a gift which she thereafter retained in her possession, so that the important question is, did the transfer and gift of the policy by the insured to the plaintiff by parol assignment and delivery under the facts narrated in the complaint deprive Mrs. Swanson of all right and interest therein? That transaction did not designate the plaintiff the beneficiary in the manner or of the character required and contemplated by the policy, but rather thereby her relation to the policy became that of assignee or donee. The insurer recognized that the policy could be assigned, for in the paragraph headed "Change of Beneficiary" it is recited in substance that the insured may change the beneficiary by written notice to the company, *provided the policy is not then assigned.* The policy provided that it could be assigned by a written assignment, but policies of insurance are choses in action, and like any other choses in action may be the subject of a gift and assigned by delivery. They are usually assigned in writing, but verbal assignment and delivery of a policy for a valuable consideration, or to one having an insurable interest in the life of the insured, gives to the assignee an equitable right to the proceeds, where the policy itself contains no provision to the contrary. *Chapman v. McIlwrath*, 77 Mo. 38, 46 Am. Rep. 1; *Appeal*

of *Madeira* (Pa.), 4 Atl. 908; *Embry's Adm'r v. Harris*, 107 Ky. 61, 52 S. W. 958; *Hogue v. Minn. Packing Co.*, 59 Minn. 39, 60 N. W. 812; *Hewins v. Bacon*, 161 Mass. 320, 37 N. E. 441; *Lord v. N. Y. Life Ins. Co.*, 95 Tex. 216, 66 S. W. 290, 56 L. R. A. 596, 93 Am. St. Rep. 827; *Marcus v. St. L. Mutual L. I. Co.*, 68 N. Y. 625; *Brown v. Mansur*, 64 N. H. 39, 5 Atl. 768; *Opitz v. Karel*, 118 Wis. 527, 95 N. W. 948, 62 L. R. A. 982, 99 Am. St. Rep. 1004; *Griffin v. Prudential Ins. Co.*, 43 App. Div. 499, 60 N. Y. Supp. 79; *Phipard v. Phipard*, 55 Hun. 433, 8 N. Y. Supp. 728; *Barron v. Williams*, 58 S. C. 280, 36 S. E. 561, 79 Am. St. Rep. 840; *Hani v. Germania L. I. Co.*, 197 Pa. 276, 47 Atl. 200, 80 Am. St. Rep. 819; *Travelers' Ins. Co. v. Grant*, 54 N. J. Eq. 208, 33 Atl. 1060; *McNeil v. Chinn, supra; McGlynn v. Curry*, 82 App. Div. 431, 81 N. Y. Supp. 855.

4. It appears that Mrs. Swanson had no interest in the policy; that the insured had the absolute right to make any disposition of it he saw fit, subject only to the one limitation noted; so that the only remaining question to consider is whether or not there is any provision in the policy which prevented the husband giving it to his wife that Mrs. Swanson can invoke. The only provision in the policy that can possibly affect the rights of the plaintiff is as follows:

"Any assignment of this policy must be made in duplicate and both sent to the home office, one to be retained by the company and the other to be returned. The company has no responsibility for the validity of any assignment."

It will be observed that this provision does not say that the failure to assign in the manner designated shall render the assignment void, vitiate the policy, or that it shall not take effect until the assignment is lodged with the company, or that any penalty whatever attaches for failure to assign as the policy directs. Attention has

been called to the fact that the company recognized the policy might be assigned by the provision under the head of "Change of Beneficiary," where it is stated a beneficiary may be substituted provided the policy *is not then assigned.* This provision was not intended to prevent the original beneficiary being changed after assignment, but its purpose was to excuse the company from designating another after the policy had been assigned, as the insured, after assignment, would have lost such control and dominion over the policy as would preclude him from making any disposition of it thereafter to the detriment of the assignee, so that to protect the company as well as the rights of the assignee it was provided in the policy how the assignment should be made; hence it is apparent that the provision relative to the assignment is not for the benefit of the beneficiary, and Mrs. Swanson cannot raise an objection to the disposition of the policy by the insured, which he can lawfully make by way of a gift or assignment, when it contains nothing which inhibits the insured as against her contingent rights from making such a disposition of the policy except by following the conditions of the policy in this respect. The most that can be claimed for the provision relative to an assignment of the policy is that it is for the benefit and protection of the company. To what extent it might raise questions when this provision is not followed, is not before us, as the company raises no question on this score, but has assumed the commendable attitude of offering to pay the proceeds of the policy into court with the request that the court determine which of the claimants is entitled thereto. Any irregularity, then, in the assignment of the certificate or policy is not a matter of which Mrs. Swanson can complain. *Martin v. Stubbings, supra; Fuos v. Dietrich, supra; Marcus v. St. L. M. L. I. Co., supra; Opitz v. Karel, supra; Griffin v. Prudential Ins. Co., supra; Richardson v. White,* 167 Mass. 58, 44 N. E. 1072;

*Titsworth v. Titsworth,* 40 Kan. 571, 20 Pac. 213; *Schardt
v. Schardt,* 100 Tenn. 276, 45 S. W. 340; *Embry's Adm'r
v. Harris, supra.*

In brief, the views of the writer are that the interest
of Mrs. Swanson in the policy was merely contingent;
that this contingent interest did not prevent the insured
from assigning and delivering the policy without her
knowledge or consent; that the only limitation over the
control of the policy by the insured was that if he des-
ignated a beneficiary on the face of the policy he could
only do so by a substantial compliance with the conditions
of the policy on this subject; that in all other respects his
control over the policy was absolute; that having full
authority to assign the policy, his delivery of it to his
wife divested Mrs. Swanson of all interest therein, and
that while this assignment according to the terms of the
policy should have been evidenced by writing, this pro-
vision was for the protection of the company, and the non-
compliance therewith cannot be taken advantage of by
Mrs. Swanson.   These conclusions do not in any manner
conflict with the decision of this court in *Rollins v. Mc-
Hatton.*   In the case at bar the facts under consideration
and the provisions of the policy are essentially different
from that case.   It was determined solely upon the propo-
sition that a change of beneficiary upon the policy must
be made in the manner the policy directed unless the
insured was excused after an attempt to make such
change by the happening of events over which he had no
control.   The policy does not appear to have contained
any provision regarding an assignment, nor was the ques-
tion of assignment of the policy considered, and accord-
ing to the terms of the policy was not involved.   It ex-
pressly declared that upon the death of the insured the
sum mentioned should be paid to his wife "or to such
person or persons as he may subsequently direct by
change of beneficiary entered upon the record of the

Supreme Secretary of the Endowment Bank." After the death of the wife the insured deposited the policy with the guardian of his minor son, with instructions to hold it for his benefit. This was held insufficient to effect a change of beneficiary for the reason that according to the terms of the policy no person other than the one originally named as beneficiary was entitled by direction of the insured to the proceeds of the policy unless entered upon the record of the supreme secretary. In the case at bar the policy provides how it may be assigned and that "The insured having reserved the right may change the beneficiary or beneficiaries at any time during the continuance of this policy by written notice to the company at the home office, *provided this policy is not then assigned,*" thus recognizing that the policy may be assigned and reserving to the insured the right to make such assignment. This feature of the policy clearly distinguishes it from the one considered in the *Rollins* case. Aside from this, the question of the parol gift of the policy was not discussed, but the decision was rendered upon the one proposition that a change of beneficiary was not valid unless made in the manner the policy provided.

No doubt there are authorities holding contrary to the views herein expressed, and that there are also expressions in cases when taken alone which support the views of the majority opinion, but many of them at least were made in cases where the facts are essentially different from the one at bar.

As previously stated, the intent of the insured when possible should be given effect. This should never be lost sight of when construing a policy for the purpose of ascertaining the control of the insured over it. In justice and equity the proceeds of the policy should be paid to the wife. She assisted in creating this fund by paying the premiums out of her own earnings. The mother has

never contributed a dollar towards bearing these expenses, and yet by the construction given the policy she reaps the benefit of the savings of the wife, and takes that which the son intended should be paid to the wife. Of course these results cannot be complained of if by the terms of the policy the law requires the proceeds to be paid as directed, but in the judgment of the writer the policy can and should be given that construction which will result in giving the proceeds arising from it to the one justly entitled thereto.

The judgment of the district court should be reversed, and the cause remanded with instructions to enter judgment in favor of Mrs. Johnson.

The writer is authorized to state that Mr. Justice Scott concurs in this opinion.

Decided November 3, A. D. 1913. Rehearing denied February 2, A. D. 1914.