Paulina Schoenholz, Plaintiff, *v.* New York Life Insurance Company and Sarah Schoenholz, Defendants.

(Supreme Court, New York Special Term, February, 1919.)

Insurance (life) — rights of beneficiary designated in policy of, become absolute upon death of insured — assignments.

In the absence of a change of beneficiary of life insurance in the manner required by the policy, the rights of the beneficiary designated therein become absolute upon the death of the insured.

Where plaintiff's husband, in consideration of her marriage to him, assigned to her a policy of insurance upon his life and promised to have her designated as substituted beneficiary in place of his sister but no such change was in fact made, the sister remains the owner of the claim on the policy against the insurer.

Action upon a policy of life insurance.

Reuben Dorfman, for plaintiff.

James H. McIntosh and Louis H. Cook, for defendant New York Life Insurance Company.

Philbin, J.  Plaintiff claims that she acquired the right to the proceeds of a policy issued upon the life of her husband, now deceased, by virtue of an assignment from him and his promise to designate her the substituted beneficiary in consideration of her marriage to him.  The husband's sister, the defendant Sarah Schoenholz, is the beneficiary designated in the policy.  The plaintiff asserts her claim notwithstanding the fact that the insured neglected to take any steps toward substituting the name of the plaintiff in place of that of the sister of the insured.

Plaintiff argues that inasmuch as the insured reserved the right to change the beneficiary, the oral assignment accompanied by delivery of the policy, with the intent to constitute the plaintiff the sole owner and beneficiary, and the subsequent payment of premiums by the plaintiff, vested in her all rights under the policy.  The same argument was advanced in the similar case of *Johnson* v. *New York Life Ins. Co.*, 56 Colo. 178.  The court there reviewed the authorities in exhaustive manner, two of the justices dissenting.  The reasoning of the prevailing opinion is supported by *Thomas* v. *Thomas*, 131 N. Y. 205, and other New York cases.  It is sufficient to state that as no attempt was made to change the beneficiary in the manner required by the terms of the policy, the rights of the designated beneficiary became absolute upon the death of the insured.  While the assignment conveyed to the plaintiff all the rights of the insured,

including the right to change the beneficiary, there was in fact no change made. The absentee defendant remains the beneficiary and the owner of the claim against the insurance company on the policy.

Upon the submission of the case it was stated by counsel for the plaintiff that this action is in the nature of a suit for specific performance. If so, it would fail if for no other reason than that the legal representatives of the insured, one of the persons who made the contract, are not joined as parties in the action.

The plaintiff might be entitled, under the case of *Morgan* v. *Mutual Benefit Life Ins. Co.,* 189 N. Y. 447, to impress a lien for the amount of the premiums paid by her, but it is unnecessary to pass upon that phase of the case as the plaintiff does not seek to assert such lien.

Judgment accordingly.